**Katherine Grady Cannell HADFIELD, Respondent,**

v.

**Robert Lynn CANNELL, Appellant.**

**No. WD 50534.**

Missouri Court of Appeals, Western District.

Sept. 26, 1995.

Elton W. Fay, Columbia, for appellant.

Mariam A. Decker, Susan Ford Robertson, Columbia, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

When Katherine Cannell Hadfield asked the circuit court to modify the child support it had ordered Robert Lynn Cannell to pay, the court granted her request but reduced Cannell's time of visitation with his son by about two-thirds although no one had requested reduced visitation. Cannell appeals. We remand with instructions.

Cannell and Hadfield divorced on December 10, 1984. The court awarded Hadfield custody of the couple's only child, Michael Bradley Cannell, born on May 20, 1981. It granted Cannell visitation on alternate weekends—from 6 P.M. on Thursday to 6 P.M. on Sunday—and for four weeks during the summer. Cannell also received visitation rights during alternating holidays and any other time agreed to by Hadfield.

The couple had lived in Fulton. Cannell moved from Missouri to Naperville, Illinois. Hadfield moved to Columbia with Bradley. Because of his distance from Columbia, Cannell missed many weekends designated for his visiting Bradley.

In May 1994, Hadfield asked the circuit court to order Cannell to pay more child support. Cannell responded by requesting joint custody and more visitation time during the summer months. After a hearing, the circuit court ordered Cannell to increase his child support from $200 a month to $500 a month. The court not only did not increase Cannell's visitation time, the court reduced it:

[Cannell] to have reasonable visitation which shall include visitation with [Cannell] from 6:00 p.m. Friday to 8:00 a.m. Sunday one week end each month and same shall be designated on the 2nd weekend if parties are unable to agree. [Cannell] awarded two weeks summer visitation during summer of 1995 and thereafter two weeks which may include an additional two weeks if minor child requests same.

Cannell asked the circuit court either to amend its order or to grant a new trial. He attached a stipulation by Hadfield submitted in previous proceedings in which she agreed to the visitation as it was originally. The court ruled:

[Cannell's] Motion to Amend Court Order or In the Alternative Motion for New Trial denied. Court expressly noting that [stipulation] was not admitted at trial and is not evidence in this cause. Court's fixing of visitation was in accordance with testimony adduced and best interests of minor child. Court noting expressly that additional visitation should be subject of consideration by minor child.

In his appeal, Cannell first contends that the circuit court's decreasing his visitation rights was wrong because no evidence supported it. A visitation modification must be supported by evidence that the modification serves a child's best interest. Section 452.400.2.[1] Section 452.375 sets out the factors which a court must consider in determining whether or not a change in visitation would be in a child's best interest.[2] Only error which is clearly erroneous is a proper basis for reversing the circuit court's judgment.

Missouri courts presume that a child's frequent and meaningful communication with both parents is in the child's best interest.

Roundtree v. Belk, 879 S.W.2d 773, 775 (Mo. App.1994); Cornell v. Cornell, 809 S.W.2d 869, 873 (Mo.App.1991). "Where both parties are proper parents, each has a right to reasonable access to the children." James v. James, 853 S.W.2d 425, 428 (Mo.App.1993).

Cannell and Hadfield testified at the hearing. Bradley did not. We find no clear evidence concerning his wishes. Much of the testimony pertaining to visitation focused on Bradley's summer activities. Hadfield testified that Bradley was busy during summer months with basketball camp, theater, martial arts and soccer. She agreed that Bradley needed a good relationship with his father, but she said that she believed that his spending the entire summer with his father was not in his best interest because it would interfere with his many activities and with family vacation.

Cannell acknowledged that after he moved to Illinois he had not visited Bradley every weekend designated for a visit. He said that he had a good relationship with his son and would like to spend more time with him during the summer.

Neither parent requested a reduction in Cannell's visitation rights. We find no evidence indicating that Cannell was an unfit parent. Indeed, Hadfield acknowledged that he was a good father. The only evidence we could find supporting the circuit court's drastic reduction in Cannell's visitation rights was Hadfield's testimony that Cannell was too critical of Bradley and that summer visitation interfered with Bradley's activities. The circuit court did not explain the reason for its action, but Hadfield rested her defense of the court's order on those reasons. Assuming that this was the basis for the circuit court's action, it was not enough. The overriding goal in any custody

1. All statutory references are to the Missouri Revised Statutes 1994.

2. Those factors are: "(1) [t]he wishes of the child's parents as to his custody; (2) [t]he wishes of the child as to his custodian; (3) [t]he interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests; (4) [t]he child's adjustment to his home, school, and community; (5) [t]he physical and mental health of each of the parties involved, including

any history of abuse of any individuals ...; (6) [t]he needs of the child for a continuing relationship with both parents and the ability and willingness of the parents to actively perform their functions as mother and father for the needs of the child; (7) [t]he intention of either parent to relocate his residence outside the state; and (8) [w]hich parent is more likely to allow the child frequent and meaningful contact with the other parent."

**286**

and visitation issue is to protect a child's best interest, and the courts presume that facilitating a good relationship with a parent is in a child's best interest. We can understand a child's belief that his activities should receive high priority, but in balancing that belief against protecting the child's relationship with his father, we conclude that the relationship is superior—even a relationship with a parent prone to criticize. Hadfield understood this and acknowledged in her testimony the importance of protecting Bradley's relationship with his father. The apprehensions she expressed to the court were focused on Cannell's request that Bradley spend the whole summer with him.

 Moreover, we can understand how giving Bradley the option of extending summer visitation with his father to four weeks would perhaps motivate Cannell to be less critical and would be more protective of Bradley's summertime activities, but this creates a larger problem: It puts Bradley in a position of potential manipulation which interferes rather than fosters a better relationship with his father. This arrangement leaves Cannell's summer visitation schedule both indefinite and subject to Bradley's whims. Missouri courts do not view indefinite visitation schedules favorably. *See Kreitz v. Kreitz,* 750 S.W.2d 681, 686 (Mo. App.1988). This arrangement requires Bradley to choose between time with his father or mother, a potentially troublesome arrangement for all concerned. *See McFadden v. McFadden,* 509 S.W.2d 795, 799–800 (Mo.App.1974).

We also have difficulty understanding the circuit court's ordered schedule for weekend visitation: setting it to begin at 6 P.M. on Friday and to end at 8 A.M. on Sunday. Cannell complains that this is unreasonable because he lives in Illinois. We agree and find nothing in the record supporting the order. It is contrary to Bradley's interest in fostering a strong relationship with his father.

Cannell further argues that the circuit court erroneously denied his request for increased summer visitation. He had asked that his summer visitation rights be increased to begin one week after Bradley's

school recessed for the summer and to end two weeks before Bradley's school resumed in the fall. The circuit court did not err in accepting Hadfield's testimony that such a schedule would create many problems for Bradley and would not be in his best interest.

We remand this case to the circuit court with instructions that it modify its order concerning Cannell's summer and weekend visitation. The court shall make the summer schedule definite. Although it may give Cannell and Hadfield discretion in scheduling Bradley's summer visit with Cannell, the court shall set a definite amount of time for the annual summer visit. The court shall modify its order to schedule weekend visits to begin at 6 P.M. on Thursday and to end at 6 P.M. on Sunday. In all other respects, the court may enforce its order as it is.

All concur.