Sharon Lee BARRETT, Petitioner–
Respondent,

v.

Michael Thomas BARRETT,
Respondent–Appellant.

No. 71837.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 17, 1998.

Diekemper, Hammond, Shinners, Turcotte and Larrew, P.C., John A. Turcotte, Jr., Kimberly J. Bettisworth, Clayton, for petitioner-respondent.

The Schechter Law Firm, P.C., Theodore S. Schechter, Jeffrey S. Schechter, Michael P. Cohan, Clayton, for respondent-appellant.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

PER CURIAM.

Michael Thomas Barrett (Husband) appeals from a judgment/decree of dissolution. Husband alleges trial court error in ordering Husband to pay $2,500 per month in child support plus certain educational and medical expenses; $1,000 per month in maintenance; and certain attorney's fees and litigation expenses (collectively attorney's fees) incurred by Sharon Lee Barrett (Wife). We reverse and remand.[1]

The parties were married on June 29, 1973 and had four children.[2] Wife filed a petition

---

1. Although Husband's request to strike portions of Wife's brief was not presented by separate motion, Husband's request is denied.

2. Bridget Elizabeth Barrett, born August 12, 1974; Erin Ann Barrett, born October 16, 1975; Cristin Kathleen Barrett, born December 2, 1978; and Meghan Marie Barrett, born November 18, 1980.

for dissolution of marriage on January 16, 1996. During trial, Wife filed a request that the trial court make findings of fact.[3] After trial, the trial court entered the original judgment/decree of dissolution on August 30, 1996, and the amended judgment/decree of dissolution on December 24, 1996 (collectively judgment). This appeal followed.

In unchallenged parts of the judgment, the trial court awarded Wife custody of the parties' three minor children and awarded each party their separate property (including $30,000 in securities that had been liquidated pursuant to a May 1996 pendente lite order) plus specified items of marital property. With respect to the latter, the trial court awarded Wife: the residence (having an approximate net equity value of $155,000); three motor vehicles and a mower with trailer (valued at approximately $52,000); two checking accounts (valued at approximately $11,000); savings bonds (having a total value of approximately $200); two accounts and a certificate of deposit at financial institutions (totaling approximately $800); three Individual Retirement Accounts (IRAs) (valued at approximately $30,000); various assets in two trust accounts (having a total value of approximately $250,000); and "[o]ne-half (50%) of all proceeds due under the Bruemmer Contract to [Husband] from the date of the entry of this Judgment/Decree until the termination date of the Bruemmer Contract (value unknown)."[4] As his share of the marital property, Husband received: one motor vehicle (valued at approximately $25,000); two bank accounts (having a total value of approximately $10,500); numerous savings bonds (having a total value of approximately $3,000); three IRAs (having a total value of approximately $42,000); an annuity Simplified Employee Pension (having a value totaling approximately $52,000); shares of stock in two companies (approximately $7,200 in value); all interest in two companies, Trademark Corporation (Trademark)[5] and Trademark Medical, Inc. (a total value of approximately $192,000); various assets in two trust accounts (having a total value of approximately $150,000); and "[o]ne-half (50%) of all proceeds due under the Bruemmer Contract to [Husband] from the date of the entry of this Judgment/Decree until the termination date of the Bruemmer Contract (value unknown)."[6]

As a basis for awarding Wife "$1,000 per month as and for maintenance, subject to modification," the trial court concluded:

> Wife's reasonable monthly expenses are approximately $3,200.00/month[.] Wife's imputed monthly income is $1,167.00[.] Wife is awarded income[-] producing assets herein, capable of producing 5–6% per annum interest ($1,050–$1,250/month). Wife has need of support from Husband for her reasonable needs in addition to her

---

**3.** The document containing the request is not part of the record on appeal. However, the copy of the trial court docket sheet and the trial transcript in the record before us reflect the filing of such a request.

**4.** The Bruemmer Contract refers to a "Termination Non–Compete and Confidentiality Agreement" entered into by Trademark Corporation (Trademark) and H.P. Bruemmer Corporation (Bruemmer). The Bruemmer Contract ended those corporations' exclusive distributorship agreement regarding the sale of one of Bruemmer's medical products. In relevant part, the Bruemmer Contract required Bruemmer to pay to Husband, his business partner, and Trademark an initial amount of $850,000, and then periodic payments over a ten-year period ending February 29, 2000, based on a percentage of the sales of the medical product. Through his testimony and a written report, an expert witness who is a certified public accountant reported that from 1989 through 1995, the Bruemmer Contract proceeds paid to Husband totaled over

$900,000, and the present value of the Bruemmer Contract was over $600,000. The trial court concluded the remaining Bruemmer Contract proceeds "are expectancies and are not guaranteed [as there] are no more annual periods with guaranteed proceeds" under the Bruemmer Contract.

**5.** The record reflects that Husband and his business partner each own fifty percent of the stock and are the sole officers and directors of Trademark.

**6.** In this appeal, Husband does not challenge either the trial court's characterization of the Bruemmer Contract proceeds as marital property or the trial court's equal distribution of that marital property. Husband does, however, contest the manner in which the trial court considered the Bruemmer Contract proceeds for purposes of calculating the amount of child support, maintenance and attorney's fees he was ordered to pay.

imputed monthly income and interest income.

The trial court expressly noted Wife had testified the minor children's reasonable expenses, exclusive of private school expenses, were $2,805.23; and then found those expenses were "approximately $2,500.00 per month." The trial court attached to the judgment its own Form 14 calculating $883 per month as the presumed child support amount. The Form 14 reflects that, in deriving this total, the trial court expressly considered Wife's imputed salary of $1,167 per month; Husband's monthly salary of $4,167; a $1,185 child support amount from the chart; and a $188 per month credit to Husband for the minor children's health insurance costs. In ordering Husband to pay $2,500 per month in child support,[7] the trial court expressly found the "application of authorized support guidelines would be unjust or inappropriate due to the Bruemmer Contract proceeds."

The trial court also directed that: (1) Husband "provide and maintain medical and hospitalization and dental insurance on the minor children as is currently maintained through his employment"; (2) uninsured medical and dental expenses of the minor children "in excess of $50.00 per month shall be paid ninety percent (90%) by Husband and ten percent (10%) by Wife"; (3) Husband "pay seventy percent (70%) of the cost each year for each child attending a post-secondary" educational institution; and (4) Husband pay "seventy percent (70%) of the 'cost' actually incurred for [Cristin and Meghan] to attend Ursuline [Academy] through the completion of each child's high school education, or earlier emancipation."

With respect to attorney's fees, the trial court stated: "After consideration of all relevant factors, Husband shall pay the (additional) sum of $15,000.00 as and for the attorney['s] fees of Wife directly to" Wife's attorney.

 We must affirm the trial court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991). We defer to the trial court's determinations of credibility, viewing the evidence and its permissible inferences in the light most favorable to the judgment, and disregarding all contrary evidence and inferences. *Id.* When, however, a judgment is "based on findings of fact which are antagonistic, inconsistent, [ambiguous,] or contradictory as to material matters, or when [the judgment] is based on conclusions of law which are at variance with the findings of fact," then the judgment "cannot stand." *Donnelly v. Donnelly,* 951 S.W.2d 650, 653 (Mo.App. E.D.1997).

In his first point, Husband presents various challenges to the child support award, including the provisions for the payment of medical and educational expenses. Husband urges the trial court erred in: (1) calculating the presumed child support amount due to its failure to consider as income available to the parties both the Bruemmer Contract proceeds and monthly interest income; (2) determining that the children's reasonable monthly expenses are $2,500, exclusive of educational costs; (3) failing to allocate to Wife her proportionate share of responsibility for the children's support based upon her ability to pay; and (4) requiring Husband to pay an amount of child support exceeding his ability to pay.

 A trial court has broad discretion to set child support and we may not substitute our judgment for the judgment of the trial court absent a manifest abuse of discretion. *Holmes v. Holmes,* 878 S.W.2d 906, 909 (Mo. App. E.D.1994). We will disturb the award only when the evidence is "palpably insufficient" to support it. *Id.* (internal quotation marks omitted) (quoting *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 195 (Mo.App. E.D.1987)). Child support is awarded in an amount "reasonable or necessary" for the support of the child and "must be balanced against the parents' ability to pay and the family's standard of living." *Mehra,* 819 S.W.2d at 354. Importantly, the award "must be supported by

---

7. Specifically, the trial court awarded $1,000 per month for Cristin K. Barrett, $1,000 per month for Meghan M. Barrett, and $500 per month for Erin A. Barrett.

evidence of the parent's ability to pay." *Holmes,* 878 S.W.2d at 909.

■ Here, the trial court's determination that Husband must pay a total of $2,500 per month in child support plus a majority of the minor children's uninsured medical expenses and a majority of the children's educational expenses is not supported by either the trial court's findings or the evidence. In calculating an appropriate amount of child support, the trial court must first "determine and find for the record the presumed correct child support pursuant to Rule 88.01, utilizing Civil Procedure Form No. 14" and then make findings to rebut that amount if the trial court determines the presumed correct child support is unjust or inappropriate after consideration of all the relevant factors. *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo. banc 1997) (approving the child support calculation methodology set forth in *Woolridge v. Woolridge,* 915 S.W.2d 372 (Mo.App. W.D.1996)). Here, the trial court attached its own Form 14 setting forth its calculation of the $883.00 per month presumed correct child support amount, based on a monthly gross income for Husband of $4,167.[8] The trial court judgment included a specific finding that the $883.00 amount was unjust and inappropriate due to the Bruemmer Contract proceeds. Without further explanation, the trial court then ordered Husband to pay $2,500 per month in child support, plus a large portion of the minor children's medical expenses and the children's educational expenses.

■ While the $2,500 figure is supported to the extent the trial court found the children's reasonable monthly expenses totaled $2,500, the requirement that Husband pay the total amount of that award, plus other medical and educational expenses of the children, is not supported by either the trial court's express findings or the record presented to this Court. Pursuant to the trial court's findings and judgment, Husband is to pay out of a gross monthly salary of $4,167, a total of $1,000 per month in maintenance and a total of $2,500 per month in child support, plus a substantial portion of the monthly

educational and uninsured medical expenses of the children. It is not clear, either through findings of the trial court or through evidence of record, how Husband is able to pay the amounts of child support and maintenance ordered by the trial court.

■ Additionally, there is no explanation by the trial judge nor any evidentiary basis in the record for the conclusion that Wife need not participate, at least to some extent, in the $2,500 child support amount. In its Form 14 calculations, the trial court determined that Wife would participate by 22% and Husband would participate by 78% in the total child support amount. Even if the trial court had properly determined Husband could afford to pay the total child support amount, that determination does not relieve Wife of the obligation to pay her share. "Once it is determined that a parent has the ability to pay his or her percentage of the total child support obligation, that parent is not relieved of this obligation or responsibility simply because the other parent has the ability to pay the total child support obligation of the parents." *Browning v. Browning,* 947 S.W.2d 106, 111 (Mo.App. W.D. 1997).

After rebuttal of the presumed correct child support amount, the basis for imposing on each parent a different share of responsibility must be supported either by (1) specific findings of the trial court set forth in its judgment or otherwise on the record or (2) sufficient evidence in the record, particularly the record presented to the appellate court. Here, the trial court did not provide a specific explanation for, and a review of the available record does not support, the trial court's conclusions that: (1) Husband should pay one hundred percent and Wife should pay no amount of the $2,500 monthly child support award; (2) Husband should pay ninety percent and Wife should pay ten percent of any uninsured medical expenses of the minor children beyond $50 per month; and (3) Husband should pay seventy percent, while Wife should pay thirty percent, of the children's monthly educational expenses.

---

8. In its Form 14 the trial court specified Husband's monthly salary was based on an average $50,000 annual income "w/o Bruemmer Contract." The trial court did not reference the Bruemmer Contract on its Form 14 in any other respect.

The trial court found the Bruemmer Contract proceeds rebutted the presumed correct child support amount. However, because the trial court divided the Bruemmer Contract proceeds equally, the same amount of those proceeds is available to each party. Thus, the existence of the Bruemmer Contract proceeds in and of themselves does not support the trial court's child support award.

Due to a lack of substantial evidence to support the trial court's child support award and the apparent ambiguities or inconsistencies in the trial court's findings, the child support award is reversed and remanded.

In his second point, Husband argues the trial court erred in awarding Wife $1,000 per month in maintenance. Specifically, Husband urges the evidence fails to establish that Wife cannot meet her reasonable needs with the financial resources available to her and, therefore, the award is against the weight of the evidence and contrary to the evidence.

In his third point, Husband contends the trial court erred in awarding Wife attorney's fees. Specifically, Husband alleges the award is against the weight of the evidence, is contrary to the evidence, and constitutes an abuse of discretion because Wife has the capability to pay her own attorney's fees and expenses.

Because the awards of maintenance and attorney's fees focus in relevant part on the financial resources available to the parties and the parties' ability to pay, issues which are intertwined with the issues being remanded to the trial court, we also remand those awards for further consideration by the trial court.

The trial court's awards of child support (including the provisions for the payment of medical and educational expenses), maintenance, and attorney's fees are reversed and remanded for further consideration consistent with this opinion. In all other respects, the judgment is affirmed.