Scott Allen ESTREM, Appellant,

v.

Joan Ellen ESTREM, Respondent.

No. WD55782.

Missouri Court of Appeals, Western District.

Feb. 2, 1999.

Susan Ford Robertson, Columbia, for appellant.

Elizabeth Karsian Wilson, Columbia, for respondent.

Before ULRICH, P.J., and LOWENSTEIN, J. and ELLIS, J.

ROBERT G. ULRICH, Presiding Judge.

Scott Estrem (Father) appeals the trial court's judgment modifying his child support obligation and visitation. He claims that the court erred in increasing his child support because it failed to allocate to Joan Estrem (Mother) her proportionate share of responsibility for the children's support. He claims that the court erred in restricting his visitation periods with a beginning and ending hour because such restriction was not requested by either party. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

A decree of dissolution of marriage was entered on May 13, 1993, dissolving the marriage of Father and Mother. Pursuant to a joint custody plan entered into by the parties and adopted by the trial court, Father and Mother were awarded joint legal custody of their three minor children with Mother receiving primary physical custody subject to Father's rights to reasonable visitation. Father, who is an ear, nose, and throat surgeon, agreed to pay child support in the amount of $750 per month per child ($2,250 per month total) although the child support guidelines at the time required a child support payment of $650 per month per child ($1,950 per month total). Father also agreed to provide the children with medical and dental insurance and to pay all medical expenses of the children. He also agreed to pay for the children's college educations. At the time of the decree, Mother was unemployed.

On November 13, 1997, Mother filed a motion to modify seeking an increase in child support. She did not request a modification of custody or visitation. Father filed a counter-motion to modify his visitation seeking joint physical custody and an award of substantially equal time with the children. In suggestions filed with the court, Father requested that his visitation be expanded to include each Wednesday and Thursday evening/night and every other weekend from Friday evening through Monday morning.

Following a hearing at which both parties testified, the trial court entered its judgment of modification. It increased Father's child support obligation to $2,422 per month total.

It also awarded the parties joint legal and physical custody of the children and increased Father's visitation to allow Wednesday and Thursday visitation as well as every other weekend. The court also set a beginning and ending hour on every period of visitation, i.e. alternate weekends, from 6:00 p.m. Friday until 6:00 p.m. Sunday. This appeal by Father followed.

### I. Child Support

In his first point on appeal, Father claims that the trial court erred in increasing his child support to $2,422 per month. He claims that the court failed to allocate to Mother her proportionate share of responsibility for the children's support. The evidence revealed that since the 1993 decree, Mother had obtained employment as a registered nurse earning $35,000 per year.

▮ The modification of child support lies within the discretion of the trial court, and the trial court's decision will be reversed only for abuse of discretion or misapplication of the law. *Mann v. Hall*, 962 S.W.2d 417, 419 (Mo.App. W.D.1998). Both parents have the duty to support their minor children commensurate with their ability to pay. *Elliott v. Elliott*, 920 S.W.2d 570, 578 (Mo.App. W.D. 1996); *Sprague–Cappel v. Sprague*, 852 S.W.2d 361, 364 (Mo.App. E.D.1993), *abrogated on other grounds by King v. King*, 865 S.W.2d 403 (Mo.App. E.D.1993). Form 14 specifically requires calculation of each parent's child support obligation. Mo. Civ. P. Form 14. The custodial parent's income must be considered to determine the combined income of the parents and the combined child support costs. *Id.* The parents' proportionate share of the combined income is then calculated to determine their proportionate share of the total child support costs. *Id.*; *Kessinger v. Kessinger*, 829 S.W.2d 658, 661 (Mo.App. E.D.1992). The failure to calculate the custodial parent's child support obligation is error. *Kessinger*, 829 S.W.2d at 661.

▮ In this case, the trial court explicitly accepted Father's Form 14 and found that his presumed correct child support amount was not rebutted as being unjust or inappropriate. The Form 14 reported an adjusted monthly gross income of $2,750 for Mother and $15,000 for Father. The combined income of the parents was, therefore, higher than $15,000, the maximum income listed on the Schedule of Basic Child Support Obligations. The Form 14 then listed the combined child support amount of $2,422, the maximum child support amount listed on the child support chart. Sixty dollars for the custodial parent's reasonable work-related child care costs was added to the child support amount for total combined child support costs of $2,482. Mother's proportionate share of combined income was then correctly reported as 18% with Father's as 82%. Father's presumed child support obligation based on his proportionate share of combined income was, therefore, $2,026.

Although the trial court accepted Father's Form 14, it ordered Father to pay $2,422 per month in child support, the chart amount for a combined income of $15,000 or greater. In essence, therefore, the trial court did rebut, without explanation, the presumed correct child support amount of $2,026 by ignoring Mother's obligation to pay her proportionate share of child support and ordering Father to pay the entire combined child support amount. No explanation was tendered by the trial court nor did the record contain evidentiary support for the determination that Mother was unable to pay her percentage of the total child support obligation and, thus, need not participate in supporting the children. *Barrett v. Barrett*, 963 S.W.2d 454, 458 (Mo.App. E.D.1998). In adopting Father's Form 14, the trial court found that Mother's proportionate share of combined income, and thus child support, was 18%, and Father's was 82%. Even if the trial court determined that Father's income equaled or exceeded the greatest income considered by Form 14 and that Father could afford to pay the entire child support amount, that determination did not relieve Mother of her obligation to support the children commensurate with her ability to pay. *Id.*; *Browning v.*

*Browning*, 947 S.W.2d 106, 111 (Mo.App. W.D.1997). The fact that one parent has the financial ability to provide for all the expenses of a child does not alleviate the other parent's responsibility to support the child. *Elliott*, 920 S.W.2d at 578. "Once it is determined that a parent has the ability to pay his or her percentage of the total child support obligation, that parent is not relieved of this obligation or responsibility simply because the other parent has the ability to pay the total child support obligation of the parents." *Browning*, 947 S.W.2d at 111. In this case, the trial court's rebuttal of the presumed correct child support amount of $2,026 by ordering Father to pay 100% of the total child support costs was unexplained and not supported by the record. The judgment regarding child support is, therefore, reversed. *Graves v. Graves*, 967 S.W.2d 632, 642 (Mo. App. W.D.1998); *Barrett*, 963 S.W.2d at 458–459. The case is remanded to the court for entry of a child support award consistent with the presumed child support amount or for determination and explanation that the presumed amount is unjust and inappropriate.

## II. Visitation

In his second point on appeal, Father claims that the trial court erred in modifying his visitation. Specifically, he contends that the court erred in restricting his visitation periods with a beginning and ending hour because such restriction was not requested by either party or supported by the evidence.

■ The judgment of the trial court modifying visitation will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Dover v. Dover*, 930 S.W.2d 491, 494 (Mo.App. W.D. 1996). Under section 452.400.2, RSMo 1994, modification of a parent's visitation rights must be supported by evidence and must serve the best interests of the child. § 452.400.2, RSMo 1994; *Shaw v. Shaw*, 951

S.W.2d 746, 749 (Mo.App. W.D.1997). Missouri courts presume that a child's frequent and meaningful communication with both parents is in the child's best interest. *Shaw*, 951 S.W.2d at 749. Where neither party requests a reduction or limitation in visitation rights, and no evidence exists that a parent is unfit, a reduction in the visitation schedule is error. *Id.; Hadfield v. Cannell*, 907 S.W.2d 283, 285 (Mo.App. W.D.1995).

■ In this case, Mother filed a motion to modify child support only. Father then filed a motion to modify visitation requesting joint physical custody and additional visitation with the children. Mother admitted at trial that she was not seeking a modification of custody or visitation. Although Mother testified that she did not think her and Father's sharing joint physical custody of the children was in the best interests of the children and that she opposed an extra night of visitation per week, she did not testify that problems existed regarding the times visitation periods began and ended. Because neither party requested specific time limits on Father's visitation and no evidence was presented establishing that Father was unfit, the modification of visitation to restrict Father's visitation periods with a specific beginning and ending hour was error. *Shaw*, 951 S.W.2d at 750. That part of the judgment of modification restricting visitation periods with a beginning and ending hour is, therefore, reversed, and the case is remanded.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.