Denise Joan **SURFACE, Respondent,**

v.

Craig Steven **SURFACE, Appellant.**

**No. WD 56749.**

Missouri Court of Appeals,
Western District.

Jan. 25, 2000.

Denise Joan Surface, Jefferson City, Respondent, pro se.

Ronald J. Prenger, Jefferson City, for Appellant.

Before: LAURA DENVIR STITH, P.J., and SPINDEN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

After being awarded primary physical custody of his children in a post-decree modification proceeding, Craig Surface appeals the trial court's judgment that he waived his right to child support from his former spouse.

We reverse and remand.

## Background

Craig Surface (appellant) and Denise Surface (respondent) were married June 1, 1985. Two children were born of the marriage – C.L., born January 3, 1986, and B.S., born November 14, 1989. The parties divorced on June 19, 1995, at which time the Circuit Court of Cole County entered a judgment dissolving their marriage and awarding the parties joint legal custody of their two minor children. The court designated respondent as primary physical custodian, subject to appellant's right of visitation, and ordered appellant to pay child support.

On September 9, 1996, respondent filed a motion to modify. She sought an increase in appellant's child support obligation because respondent was not providing health insurance for the children as originally ordered. Appellant filed a cross-motion to modify custody. On December 3, 1997, a hearing was held on the motions. On March 3, 1998, the court *sua sponte* appointed a guardian ad litem for the children. On September 10, 1998, after the parties attended mediation and ad-

ditional hearings were held, the court entered its "Findings of Fact, Conclusions of Law, and Judgment of Modification." The court modified custody by granting appellant primary physical custody of the parties' minor children subject to respondent's right of visitation. Therefore, it terminated the original child support order. The trial court also rejected the parties' Form 14's as "no longer applicable." It then found respondent's presumed correct child support obligation was $440 per month, but that "[appellant] waived his right to child support from respondent and would be able to provide for the children." Therefore, without any further explanation, it did not order respondent to pay child support. Appellant's motion for rehearing was subsequently denied, and this appeal followed.

## Presumed Correct Child Support

 Appellant argues the trial court erred when it did not order respondent to pay child support because there was no evidence that the presumed correct child support was unjust or inappropriate and because its finding that appellant waived his right to child support was against the weight of the evidence.[1] We will affirm the trial court's determination concerning child support unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it misstates or misapplies the law. *In re Marriage of Kohring*, 999 S.W.2d 228, 234 (Mo. banc 1999); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

 "Both parents have the duty to support their minor children commensurate with their ability to pay." *Estrem v. Estrem*, 984 S.W.2d 883, 885 (Mo.App. W.D.1999). Section 452.340.1,[2] which gov-

---

1. Respondent has not filed a brief in this matter and does not appeal the custody modification. The presumed correct child support amount of $440 is not in dispute, nor is the Form 14 upon which the court based this figure included in the record on appeal.

Thus, the trial court's determination that appellant waived his right to child support from respondent is the only issue before this court.

2. All references to § 452.340 are to RSMo Supp.1998.

erns child support awards, states, in relevant part, "[i]n a proceeding for dissolution of marriage, legal separation or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support . . . after considering all relevant factors. . . ." In conjunction with § 452.340, Rule 88.01 creates a rebuttable presumption that if child support is awarded, Civil Procedure Form 14 reflects the correct amount to be awarded. *Elliott v. Elliott*, 920 S.W.2d 570, 574 (Mo.App. W.D.1996). Because the trial court has discretion in awarding child support, we will not disturb its judgment "unless the evidence is 'palpably insufficient' to support it." *Id.* (quoting *Holmes v. Holmes*, 878 S.W.2d 906, 909 (Mo.App. E.D.1994)).

When a trial court transfers custody from one parent to the other, § 452.340.1 authorizes the court to determine the amount, if any, the non-custodial parent should pay to the primary physical custodian as child support for the children. *McCreary v. McCreary*, 954 S.W.2d 433, 453 (Mo.App. W.D.1997). A trial court must follow two steps in determining child support: (1) it must find, on the record, the presumed correct child support amount pursuant to a correct Form 14 calculation; and (2) it must consider all relevant factors under the guidelines in order to determine whether to rebut that presumed amount as being unjust or inappropriate. *Elliott*, 920 S.W.2d at 574–75. As neither party disputes the trial court's determination of the presumed correct Form 14 calculation, we address only the issue of whether the trial court erred in finding appellant waived his right to child support thereby rebutting the presumed correct amount. The presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct can be sufficiently rebutted if the court enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate. Rule 88.01; *Woolridge v. Woolridge*, 915 S.W.2d 372, 378 (Mo.App. W.D. 1996). In this case, the trial court's judgment relating to respondent's child support obligation reflects only its finding that appellant "waived" his right to child support and can provide for the children. The record does not reflect a finding that the award of $440 per month in child support would be unjust or inappropriate. The trial court provided no explanation for its determination that appellant waived his right to child support nor was there any indication that respondent was unable to pay her percentage of the total child support obligation and, thus, need not participate in supporting the children. *Estrem*, 984 S.W.2d at 885.

> Even if the trial court determined . . . that [appellant] could afford to pay the entire child support amount, that determination [does] not relieve [respondent] of her obligation to support the children commensurate with her ability to pay. [Citations omitted.] The fact that one parent has the financial ability to provide for all the expenses of a child does not alleviate the other parent's responsibility to support the child. [Citation omitted.] "Once it is determined that a parent has the ability to pay his or her percentage of the total child support obligation, that parent is not relieved of this obligation or responsibility simply because the other parent has the ability to pay the total child support obligation of the parents."

*Id.* at 885–86 (*quoting Browning v. Browning*, 947 S.W.2d 106, 111 (Mo.App. W.D. 1997)). We found no support in the record nor did the trial court properly explain its rebuttal of the presumed correct child support amount of $440. *Estrem*, 984 S.W.2d at 886. Overall, the evidence is "palpably insufficient" to support the trial court's judgment. *Elliott*, 920 S.W.2d at 574. Accordingly, we reverse that portion of the court's judgment as it relates to child support, and remand to the court with di-

rections for entry of a child support award consistent with the presumed child support amount or for a determination and explanation that the presumed amount is unjust and inappropriate. *Estrem*, 984 S.W.2d at 886.

### Conclusion

The judgment of the trial court, as it relates to child support, is reversed and the case is remanded for further proceedings consistent with this opinion.

LAURA DENVIR STITH, P.J., and SPINDEN, J., concur.