**Denise Joan (Surface) DERKS, Respondent,**

v.

**Craig Steven SURFACE, Appellant.**

**No. WD 64735.**

Missouri Court of Appeals, Western District.

May 2, 2006.

Randall O. Barnes, Jefferson City, MO, for respondent.

James W. Gallaher IV, Jefferson City, MO, for appellant.

Before: SMITH, C.J., and ULRICH and HARDWICK, JJ.

EDWIN H. SMITH, Chief Judge.

Craig Steven Surface (Father) appeals the September 15, 2004, judgment of modification of the Circuit Court of Cole County, Missouri, sustaining the "motion to modify" of the respondent, Denise Joan Derks (Mother), formerly Surface, and awarding her child support from Father, for the parties' daughter, Carrie, totaling $763.20 per month, which included $500 per month for post-secondary educational expenses (P–SEE).

The appellant raises what he designates as one point on appeal, but which is actually two. He claims that the trial court erred in ordering him to pay child support to Mother for Carrie of $500 per month for P–SEE because it: (1) "failed to make the necessary findings needed to impute income to [Father]," on which it based its order; and, (2) "failed to take into account [Father's] ability to pay for said [P–SEE]."

Because Mother's motion to modify, seeking, *inter alia*, a modification of the trial court's existing child support order, to require Father to pay her child support for Carrie, based on a change in Carrie's physical custody from Father to Mother, which is governed by § 452.410,[1] did not state a claim for such a modification, which is governed by § 452.370, the court was deprived of subject matter jurisdiction and had no authority to enter the child support order Father challenges on appeal. Hence, because the trial court, under Mother's motion to modify, lacked any authority to order Father to pay child support to Mother, the court's judgment of modification awarding Mother $763.20 in monthly child support from Father is void, depriving us of jurisdiction to review his appeal of that award on the merits.

We dismiss for a lack of jurisdiction to review on the merits and remand.

**Facts**

The parties' marriage was dissolved on June 19, 1995. Two children were born of the marriage: Carrie, born January 3, 1986, and Brett, born November 14, 1989. Pursuant to the dissolution decree, the parties were awarded joint legal custody of the children, with Mother awarded "primary physical custody." Father was awarded reasonable rights of visitation and ordered to pay child support.

On September 16, 1998, the trial court modified its custody decree and awarded Father "primary physical custody" of the children, with visitation to Mother. The trial court found that the presumed child support award (PCSA), pursuant to **Form 14**, was $440 per month, but determined that Father had waived his right to child support. Thus, no child support was ordered. Father appealed to this court and claimed that the trial court's finding that he waived his right to child support was against the weight of the evidence. *Surface v. Surface*, 10 S.W.3d 216, 218 (Mo. App.2000). This court agreed and held that the record was insufficient for the trial court to rebut the PCSA of $440, based on a waiver by Father, and award him $0 child support from Mother. *Id.* at 219–20. The case was remanded to the trial court to consider the correct child support amount to award. *Id.* On March 31, 2000, on remand, the trial court found that the PCSA for Carrie and Brett was $240 per month and ordered Mother to pay this amount to Father as child support.

On July 1, 2003, due to an argument she had with Father over the use of a car, Carrie moved in with Mother, at which point, Mother stopped paying Father child support. On January 30, 2004, Mother filed a motion to modify child support.

---

1. All statutory references are to **RSMo, 2000,** unless otherwise indicated.

Mother's motion was taken up and heard on July 30, 2004. The trial court found that the PCSA for Carrie, pursuant to **Form 14,** was $263.20 per month, which the court rebutted as being unjust and inappropriate in that Mother had post-secondary educational expenses for Carrie, requiring an additional $500 per month in child support. The trial court awarded Father child support from Mother for Brett in the amount of $236.80. From the record, it is unclear as to just how the trial court arrived at that figure. And, while **Form 14, Line 12, Comment D,** required the trial court to deduct the smaller amount of child support due Father from the larger amount due Mother and order him to pay her the difference, the court, for some unexplained reason, failed to comply with that mandate and simply entered cross-orders of child support.

This appeal follows.

### Appellate Jurisdiction

■ It is well settled that before we can proceed with a review of an appeal of an issue on the merits, we first must determine, *sua sponte*, our jurisdiction to do so. *Brock v. Blackwood,* 143 S.W.3d 47, 55 (Mo.App.2004). If we lack such jurisdiction, then we must dismiss the appeal of that issue. *Id.* "If the trial court lacked jurisdiction to enter the judgment on which review is sought, then the appellate court lacks jurisdiction to review it on the merits." *Id.*

■ Here, as to our jurisdiction to review on the merits the trial court's award of child support to Mother from Father for their daughter Carrie, the issue arises as to whether the trial court, pursuant to **Rule 55.27(a)(6),** should have dismissed Mother's motion to modify the court's existing child support order, to require Father to pay her child support for Carrie, based on a change of her custody from Mother to Father, for failure to state a

claim for such a modification, which is governed by § 452.370. *Brock,* 143 S.W.3d at 55–56.

> The issue of whether a claim has been stated upon which relief can be granted is inherent in every appeal and may be raised, *sua sponte,* by the appellate court. This is because the failure to state a claim on which relief can be granted essentially deprives the trial court of subject matter jurisdiction and, thus, the authority to rule on the plaintiff's petition.

*Id.* at 55–56 (citations omitted). And, if the trial court lacked the jurisdiction or authority to rule as it did, then we have no jurisdiction to review its ruling on the merits. *Id.* at 56.

■ With respect to an order of child support, entered in accordance with § 452.340 in a dissolution proceeding, as here, the trial court has continuing jurisdiction to modify it. § 452.370.6. To invoke that jurisdiction, however, a motion to modify must be filed. § 452.370; *see also F.W.H. v. R.J.H.,* 666 S.W.2d 910, 913 (Mo.App.1984) (interpreting § 452.370 with respect to the filing of a motion to modify maintenance orders). Thus, a motion to modify child support is the pleading by which a modification of child support, pursuant to § 452.370, is initiated.

**Rule 55.05,** which, pursuant to **Rule 41.01(a)(2),** is applicable to a modification-of-child-support proceeding in the circuit court, requires, in pertinent part, that a "pleading that sets forth a claim for relief ... contain [ ] a short and plain statement of the facts showing the pleader is entitled to relief." *Brock,* 143 S.W.3d at 56. The pleading does not have to plead "operative facts" demonstrating entitlement to the relief sought, but only has to plead evidentiary or ultimate facts demonstrating entitlement. *Id.* Mere conclusions, however, are not sufficient. *Id.* If a pleading setting

forth a claim of relief fails to allege facts showing entitlement to relief, the trial court is deprived of jurisdiction to grant it. *Id.*

The standard for determining whether a pleading states a claim on which relief can be granted is well settled. That standard is set forth in *Brock:*

> In determining whether a petition states a claim on which relief can be granted, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded those reasonable inferences fairly deducible from the facts stated." We "construe the allegations favorably to plaintiff to determine whether they invoke principles of substantive law and inform defendant of what plaintiff will attempt to establish at trial." A plaintiff's petition states a cause of action where "its averments invoke principles of substantive law which may entitle the plaintiff to relief." A petition is sufficient if it:

>> invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. It should not be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact.

> In assessing the sufficiency of a petition:

>> [n]o attempt is made to weigh the factual allegations contained in the petition to determine whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a

cause that might be adopted in that case.

*Id.* (citations omitted).

In her "motion to modify," Mother requested, *inter alia,* that the trial court modify its existing child support order to award her child support from Father for Carrie. Mother alleged that pursuant to a modification judgment of September 16, 1998, the trial court had changed physical custody of Carrie and her brother, Brett, from her to Father and ordered her to pay Father child support for both children of $240 per month. However, the record reflects that the modification judgment of September 16, 1998, did not order her to pay any child support to Father, but found that support had been waived by him. That portion of the judgment was later reversed on appeal by this court in *Surface v. Surface,* 10 S.W.3d 216, 219–20 (Mo.App. 2000). On remand, the trial court entered a judgment of modification, dated April 4, 2000, that ordered Mother to pay Father $240 per month as child support for both Carrie and Brett. It is that order of support that Mother sought to modify in her motion.

A motion to modify child support is governed by § 452.370, which provides, in pertinent part, an order of support "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1. Thus, in order to state a claim for a modification of child support, in accordance with § 452.370, Mother was required to plead, in her motion to modify, a change of circumstances so substantial and continuing as to make the terms of the trial court's existing child support order unreasonable. *Foster v. Foster,* 673 S.W.2d 108, 110 (Mo.App.1984).

■ As discussed, *supra,* Mother was seeking a modification of child support based on a change of physical custody of

Carrie from Father to Mother. In that regard, it is important to our discussion to note that the modification she sought was not an increase or decrease in the existing order of support, but rather, a termination of that order and the entry of a "new" child support order whereby, as to child support for Carrie, Father, not she, would be the obligor, based upon her being Carrie's custodial parent.[2] In other words, she was seeking to replace the existing child support order with a "split custody" order of child support whereby Father would owe her child support for Carrie, and she would owe Father child support for Brett. **Form 14** must be completed in every child support case to determine the PCSA. *Peniston v. Peniston,* 161 S.W.3d 428, 433 (Mo.App.2005). **Line 12, Comment D** of **Form 14** states:

> Split custody refers to the situation in which each parent has primary physical custody of one or more but not all of the children. In those instances, a separate Form No. 14 is completed for the number of children in the primary physical custody of each parent, using the adjusted monthly gross income (line 3) for both parents but disregarding the children in the primary physical custody of the other parent.

. . . .

> After completion of each parent's Form No. 14, subtract the smaller amount from the greater, and the parent with the larger of the two obligations shall pay the difference between the two obligations.

This procedure for determining split-custody orders of child support does not apply to joint physical custody arrangements. *Stuckmeyer v. Stuckmeyer,* 117 S.W.3d 687, 691 (Mo.App.2003). Thus, to state a claim for terminating an existing child support order and entering a split-custody order, Mother was required to plead facts demonstrating that she had been awarded sole physical custody of Carrie by the trial court.

■ In her motion, Mother alleged that her marriage to Father was dissolved by the trial court in its judgment of June 19, 1995, in which the court awarded the parties joint legal custody of Carrie and Brett with Mother to have "primary physical custody . . . subject to reasonable rights of visitation to [Father]." Although the phrase "primary physical custody" was used by the trial court in its dissolution decree, as we later recognized in *Timmerman v. Timmerman,* 139 S.W.3d 230, 234

---

2. In addition, although not by name, Mother effectively sought in her motion to modify an "abatement" of her obligation to pay child support for Carrie, under the existing child support order, based upon Carrie's coming to live with her without benefit of court order. **Section 452.340.2** provides, in pertinent part:

> The obligation of the parent ordered to make support payments shall abate, in whole or in part, for such periods of time in excess of thirty consecutive days that the other parent has voluntarily relinquished physical custody of a child to the parent ordered to pay support, notwithstanding any periods of visitation or temporary physical and legal or physical or legal custody pursuant to a judgment of dissolution or legal separation or any modification thereof.

By the express terms of § 452.340.2, a court-ordered change of custody is not required for an abatement of a child support obligation. A voluntary relinquishment of physical custody is sufficient.

Here, Mother sought in her motion to modify an abatement of her existing obligation to pay child support for Carrie due to her living with the Mother, from July of 2003 to the date of judgment, which the trial court granted. However, it appears from the judgment of modification, that the trial court abated Mother's entire obligation of support, $240 per month, for the period in question, even though part of that amount was for support for Brett, who continued to live with Father. In any event, it matters not in that Father does not challenge the trial court's judgment of abatement on appeal.

(Mo.App.2004), "custody," as defined in § 452.375.1(3), does not include "primary physical custody" as a statutorily permissible physical custodial arrangement, only joint or sole physical custody. We further recognized in *Timmerman* that visitation with a child, by definition, could only be awarded where sole physical custody of the child was awarded to one parent. *Id.* Hence, by virtue of the language of the parties' dissolution decree, viewed in the light of *Timmerman,* the decree awarded Mother sole physical custody of Carrie and Brett, with visitation to Father. And, as noted, *supra,* the trial court further ordered that Father pay to Mother $239 per child per month as child support for the children.

Mother alleged in her motion to modify that the trial court later modified its custody and support orders of its dissolution decree, changing physical custody of Carrie and Brett from Mother to Father and ordering her to pay him $240 per month. She further alleged that there had been no other modifications. Thus, Mother's motion, as pled and giving its allegations their broadest intendment, recognized the fact that at the time of its filing, Father, pursuant to court order, had sole physical custody of both Carrie and Brett. As such, to state a cause of action for the split-custody order of child support Mother sought in her motion to modify, she necessarily had to request a modification of the trial court's prior custody decree, in accordance with § 452.410.1, and allege facts that supported her claim. This she did not do.

A detailed reading of Mother's motion to modify reveals that she did not request a modification of the trial court's custody decree awarding Father sole physical custody of both Carrie and Brett. It further reveals that she did not plead any facts, as required by § 452.410.1 for a modification of physical custody, that:

upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

A detailed reading of the transcript of the hearing on Mother's motion to modify also reveals that the issue of a modification of custody, in accordance with § 452.410.1, was never mentioned and was not tried by consent. Likewise, no parenting plan was submitted by Mother, as required by § 452.310.7 for a modification of custody. As such, the trial court had no authority to modify its prior custody decree, *Marsh v. Marsh,* 163 S.W.3d 38, 41 (Mo.App.2005); *F.W.H.,* 666 S.W.2d at 913, and, in fact, never ordered a modification of its prior custody decree, complying with the requirements of § 452.410.1.

Because Mother's motion to modify did not request and did not allege any facts demonstrating entitlement to the split-custody order of child support she sought, the trial court, pursuant to **Rule 55.27(a)(6),** should have dismissed Mother's motion, to the extent it sought such relief, for failure to state a claim for modification of the court's existing child support order, based on a change of the sole physical custody of Carrie from Father to Mother. As such, its judgment of modification of child support of September 15, 2004, awarding Mother child support from Father for Carrie is void, depriving us of jurisdiction to review the award on the merits. *Brock,* 143 S.W.3d at 55–56.

Because the trial court's judgment of modification, awarding Mother child support, is void, its prior order of child support of April 4, 2000, awarding Father child support from Mother of $240 per month for Carrie and Brett, remains in

effect. And, because the trial court's order of abatement of child support from Mother to Father is not challenged on appeal, it also remains in effect.

### Conclusion

Father's appeal, with respect to the circuit court's judgment of modification, awarding Mother child support from Father for Carrie, is dismissed for a lack of jurisdiction to review on the merits, and the cause is remanded to the court to: (1) enter its order (a) setting aside and vacating its judgment of modification of September 15, 2004; and, (b) dismissing Mother's motion to modify, to the extent it seeks an award of child support from Father for Carrie, for failure to state a cause of action upon which relief could be granted; and, (2) enter its judgment abating Mother's child support obligation to Father for the period of July 1, 2003, to September 15, 2004.

ULRICH and HARDWICK, JJ., concur.