**Mary Jane DOLAN, Appellant,**

v.

**Robert Raphael DOLAN, Respondent.**

No. 37628.

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 10, 1976.

Carter & Becker, David S. Purcell, Clayton, for appellant.

David McMahon, St. Johns, for respondent.

CLEMENS, Presiding Judge.

This appeal by plaintiff-wife stems from her motion under § 452.345, RSMo., 1973 Supp., to compel defendant-husband to pay her $600 monthly alimony payments to the circuit clerk. The trial court ordered the alimony payments to be so made, but later on its own initiative amended that order by reducing the amount to $400 a month. Plaintiff appeals. We reverse and remand.

We recite the pertinent proceedings:

April 24, 1967. Decree of divorce to wife and $600 a month alimony.

February 14, 1975. Plaintiff filed a motion alleging unpaid alimony and praying the court to order defendant to pay the $600 monthly alimony payments to the circuit clerk as her trustee.

July 30, 1975. The court granted plaintiff's motion and ordered defendant "to deposit alimony payments into the registry of the circuit court."

November 14, 1975. Parties appeared by counsel at a hearing called by the court, which declared: "Let the record show that

for the purpose that the Court ordered this hearing for the purpose of clarifying the record in this proceeding, is that the Circuit Clerk advised the Court that on the basis of the order entered previously directing the defendant to pay money into the Registry of the Court that order *did not specify an amount of money* to be paid into the Registry of the Court, and the Circuit Clerk has indicated that they would not be able to process it properly without a *specified amount and a date.*" (Emphasis supplied.)

Although pertinent to the issue before the court, we note that over plaintiff's objection the court then received in evidence a complex document executed in 1972 whereby the parties had agreed, subject to numerous conditions, to reduce the monthly alimony payments from $600 to $400, depending in part on changes in the husband's income. There was no evidence as to whether the defendant had complied with the compromise agreement.

At the conclusion of the hearing the trial court entered the order from which plaintiff now appeals: "Cause called, parties appear, evidence adduced. The Court orders that its memorandum of July 30, 1975 be amended to include, Respondent ordered to deposit alimony payments of $400.00 into the Registry of the Court. Costs against the Respondent."

On appeal plaintiff contends the trial court exceeded its jurisdiction in ordering defendant to pay into court only $400 a month when her existing alimony judgment was for $600 a month, "since no motion or pleading was before it stating a claim or making a prayer for any such reduction." We agree.

In *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11[3–5] (Mo.App.1966), we followed the oft-cited opinion of Lamm, J., in *State ex rel. McManus v. Muench*, 217 Mo. 124, 117 S.W. 25[1] (1909), and ruled: "Courts do not set themselves in motion but remain passive until the issues are framed by the parties; that what the court decides within those issues is res judicata, but anything beyond is coram non judice and void. So, at the hearing now under consideration

the ambit of the court's authority was limited to the area of controversy which the parties had adopted and the court itself had prescribed."

This cardinal principle has been applied in other divorce actions, voiding judgments to the extent they grant relief beyond the pleadings. See *Hughes v. Wagner*, 303 S.W.2d 181[1, 2] (Mo.App.1957), and *Dickey v. Dickey*, 132 S.W.2d 1026[4–8] (Mo.App. 1939).

Here, at the February 14 and November 14, 1975 hearings, there was no pleading concerning the amount of the previously adjudicated $600 monthly alimony payments defendant had been ordered to pay. And, at the latter hearing, from which the present issue arises, the trial court declared it had the hearing only to amend the earlier order by giving the circuit clerk "a specified amount and date."

We hold that on November 14, 1975 there was neither pleading nor evidence before the court warranting a reduction of the monthly $600 alimony payments. To the extent the court's order did so it was void.

The cause is remanded and the trial court is ordered to amend its November 14, 1975 order by changing the amount of monthly payments from $400 to $600.

DOWD and STEWART, JJ., concur.