**Antoinette Marie GREZESKOWIAK,**
**Respondent,**

v.

**Joseph John GREZESKOWIAK,**
**Appellant.**

**No. 74689.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 13, 1999.

Sally Austin Mills, Colleen M. Hubble, Clayton, for appellant.

Susan E. Clarke, Grant C. Gorman, Chesterfield, for respondent.

LAWRENCE G. CRAHAN, Judge.

Joseph Grezeskowiak, ("Husband") appeals the judgment finding him liable to Antoinette Grezeskowiak ("Wife") in the amount of $18,000, pursuant to Wife's motion to enforce the decree of dissolution of their marriage. Husband further appeals the trial court's order that he pay his daughter's health insurance premiums and deductible, and that he share in her uninsured costs related to health, dental, orthodontic and mental care.

The facts most favorable to the verdict are as follows. When Husband and Wife divorced in 1994, they entered into a settlement agreement that was incorporated into the dissolution decree. The settlement agreement required Husband to pay Wife $50,000 for her share of the marital property. Specifically, Husband was required to pay Wife $20,000 within forty-five days of dissolution, followed by thirty monthly payments of $1000. Husband made the $20,000 payment, as well as twelve $1000 payments.

Husband persuaded Wife to execute a notarized release of the monthly $1000 payments in order to help him attain a house loan. Wife signed the release without consulting an attorney, relying on Husband's oral promise to repay her as soon as he could. At that time, Wife and Husband were involved in a sexual relationship. Wife did not intend the release as a gift.

After several months went by and Husband made no $1000 payments, Wife telephoned him and asked about the money he owed her. Husband denied having prom-

ised to repay the debt. Wife then filed the underlying motion to enforce the dissolution decree, claiming that in addition to his failure to make all the required monthly payments, Husband had also failed to maintain health insurance coverage for their minor child.

At the time of trial, Krista was the only remaining unemancipated child of the marriage. She has since become emancipated. Husband terminated medical coverage of Krista early in 1995. Instead Husband paid Wife $40 per month for health insurance on Krista Wife obtained through her employer. After Wife left her employer to start her own business, the health insurance premium for Krista rose to $134 per month. Husband agreed to pay only $74.11 per month towards Krista's health insurance, the cost he would have paid for her to be insured through his employer.

The trial court held that Wife did not release Husband from the $18,000 debt and ordered Husband to resume paying Wife $1000 each month until the debt was fully satisfied. The court also held that Husband "shall be responsible for the insurance premium presently being paid and that he shall have the additional costs of paying the $100.00 deductible in full and shall share equally in all other uninsured costs related to health, dental, orthodontic and mental care."

■ The standard of review in this case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Id.* at 32.

In his first point, Husband claims the trial court erred in failing to find that Wife executed a valid release of the remaining property settlement payments. We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion on this point would have no precedential value. Point one is denied pursuant to Rule 84.16(b).

In his second point, Husband argues that the trial court erred in ordering that Husband "shall be responsible for the insurance premium presently being paid and that he shall have the additional costs of paying the $100.00 deductible in full and shall share equally in all other uninsured costs related to health, dental, orthodontic and mental care." The trial court's order purported to enforce a provision in the dissolution decree that required Husband "to maintain and keep in full force and effect health insurance coverage for the minor children born of said marriage." Husband argues that the trial court's order was an improper modification of the dissolution decree.

■ The dissolution decree did not specify what kind of health insurance Husband was to provide for his minor children, or whether he was required to pay deductibles and co-payments. However, at the time of the underlying action, Husband was not "maintain[ing] and keep[ing] in full force and effect health insurance coverage for the minor [child] born of the marriage." By failing to cover Krista, he violated the dissolution decree. The part of the court's order requiring Husband to pay the premium and deductible for Krista's health insurance did not alter the dissolution decree, but rather enforced it in keeping with the court's reasonable interpretation of the decree.

■ However, the court also modified the dissolution decree by ordering that Husband "shall share equally in all other uninsured costs related to health, dental, orthodontic and mental care." The dissolution decree granted custody of Krista to Wife, and required Husband to pay $400 per month to Wife for child support of Krista. The decree did not require Husband to pay any of Krista's "uninsured costs related to health, dental, orthodontic and mental care."

Wife neither filed a motion to modify the dissolution decree nor pleaded "changed circumstances so substantial and continuing as to make the terms unreasonable." Sec. 452.370, RSMo. Cum.Supp.1999. Accordingly, she has not stated a claim for relief and she is not entitled to modification of the dissolution decree. *See Foster v. Foster,* 673 S.W.2d 108, 110 (Mo.App. 1984). Further, there was no evidence of substantial and continuing circumstances that would have justified such a modification. The trial court's modification of the dissolution decree was an erroneous application of the law. Pursuant to our Rule 84.14 authority to give such judgment as the trial court ought to have given and to finally dispose of this case, we amend the judgment by omitting the words, "and shall share equally in all other uninsured costs related to health, dental, orthodontic and mental care." The judgment as so amended is affirmed.[1]

JAMES R. DOWD, P.J., and RICHARD B. TEITELMAN, J., Concur.

1. Wife's motion to dismiss Husband's appeal, or alternatively to strike Husband's brief, which was taken with the case, is denied.