**Thomas J. MARSH, Appellant,**

v.

**Sabina K. MARSH, Respondent.**

**No. WD 64309.**

Missouri Court of Appeals, Western District.

May 24, 2005.

Curtis E. Woods, David S. Ladwig, Kansas City, MO, for appellant.

Barton S. Blond, Kansas City, MO, for respondent.

Before SPINDEN, P.J., and HOWARD and NEWTON, JJ. ·

VICTOR C. HOWARD, Judge.

Thomas Marsh ("Father") and Sabina Marsh ("Mother") share joint legal and physical custody of their daughter, A.M., born September 16, 1996. Father moved for modification of custody, seeking sole legal and physical custody of A.M. Father also moved for reimbursement from Mother for the monthly health insurance premiums he paid because Mother failed to insure A.M. as required by the judgment of dissolution. Mother moved for appointment of a guardian ad litem ("GAL") because of Father's allegations of abuse. Mother also filed a counter-motion for attorney's fees and costs and GAL fees.

Father raises six points in his appeal from the trial court's judgment entered upon the motions. Because this court concludes that a discussion of five of Father's points of error would have no precedential value, we deny those claims of error and affirm the judgment as to those five points pursuant to Rule 84.16(b). A memorandum of the reasons for our decision as to those issues has been provided to the parties.

In this opinion, this court will address only Father's fifth point, which challenges the trial court's modification of child support. For the reasons set forth below, we reverse as void the portions of the judgment modifying the original dissolution judgment by increasing Father's child support obligation and by ordering that Father is responsible for A.M.'s health and dental insurance.

## Standard of Review

Our standard for reviewing the trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), so unless there is no substantial evidence to support the judgment, the judgment is against the weight of the evi-

dence, or the judgment resulted from an erroneous declaration or misapplication of the law, we must affirm. *Meyer v. Block,* 123 S.W.3d 316, 320–21 (Mo.App. W.D. 2003).

## Background

After Father and Mother divorced in December of 2000, their relationship continued to sour. Their conversations were often uncivil, and they sent "nasty" emails back and forth. Father kept copies of the emails from Mother. He also kept recordings of their telephone conversations and messages left by Mother.

In early October 2001, after A.M. allegedly told Father that Mother had abused her, Father obtained an *ex parte* Order of Protection against Mother. Two weeks later, when the court denied Father's request for a full order of protection for A.M. because of the custody order in the judgment of dissolution, Father filed his motion to modify custody, in which he made six allegations of changed circumstances warranting custody modification under section 452.410.1 RSMo 2000, including an allegation that Mother had abused A.M.

In response, Mother filed a motion for appointment of a GAL because of Father's abuse allegation. The only other motion filed by Mother was a counter-motion for her attorney's fees and costs and GAL fees.

In March of 2002, the court ordered the parties to attend mediation. The next month, the court appointed a GAL. After mediation, extensive discovery, a change of judge, and numerous continuances, the trial court began hearing evidence on Father's motion to modify custody on November 20, 2003. The court again heard evidence on January 22 and 23, 2004, and on March 18, 2004. An extensive discussion of the evidence and arguments presented to the trial court is unnecessary for our determination of the issue in this opinion. We view the evidence in a light most favorable to the court's judgment. As is often the case with child custody disputes, most issues hinged on issues of credibility, which were for the trial court to determine.

On May 26, 2004, the trial court entered judgment upon the motions. At issue in this opinion is the trial court's modification of child support. Father's original child support obligation in the judgment of dissolution was $450 per month. In its judgment, the trial court held in part that beginning June 1, 2004, Father's child support obligation would increase to $566 per month. Additionally, the original dissolution judgment provided that Mother was responsible for A.M.'s health benefits. The trial court modified this provision to provide that Father is solely responsible for A.M.'s health and dental insurance.

## Modification of Child Support

In his fifth point on appeal, Father challenges this increase of his child support obligation. We agree with Father that the trial court exceeded its jurisdiction in so modifying the child support and healthcare provisions in the original judgment of dissolution. The only pleadings before the trial court were Father's motion for modification of custody and Mother's counter-motion for attorney's fees and GAL fees. Mother argues that child support was "clearly" in issue because Father also sought modification of support in his motion to modify custody. But Father only sought modification of child support in the event that the trial court granted him sole legal and physical custody of A.M. Neither party otherwise pled or requested child support modification.

In *Dolan v. Dolan,* 540 S.W.2d 220 (Mo. App.1976), the wife filed a motion to compel the husband to pay the monthly alimony payments of $600 directly to the clerk of the court. *Id.* at 220. After the circuit court entered an order compelling the husband to pay alimony to the clerk of the court, it held a hearing on the clerk of the court's request for clarification of the record concerning the amount of alimony the husband was ordered to pay and a date. *Id.* at 220–21. The court subsequently ordered the husband to deposit monthly alimony payments of $400 with the clerk of the court. *Id.* at 221. On appeal, the wife argued that the court exceeded its jurisdiction in reducing the amount of alimony the husband owed because, " 'no motion or pleading was before it stating a claim or making a prayer for any such reduction.' " *Id.* The appellate court agreed and explained as follows:

In *Bayer v. Associated Underwriters, Inc.,* 402 S.W.2d 11[, 13] (Mo.App.1966), we followed the oft-cited opinion of Lamm, J., [in] *State ex rel. McManus v. Muench,* 217 Mo. 124, 117 S.W. 25[1][, 29] (1909), and ruled: ["]Courts do not set themselves in motion but remain passive until the issues are framed by the parties; that what the court decides within those issues is res judicata, but anything beyond is coram non judice and void. So, at the hearing now under consideration the ambit of the court's authority was limited to the area of controversy which the parties had adopted and the court itself had prescribed.["]

This cardinal principle has been applied in other divorce actions, voiding judgments to the extent they grant relief beyond the pleadings. *See Hughes v. Wagner,* 303 S.W.2d 181[1, 2] (Mo. App.1957), and *Dickey v. Dickey,* 132 S.W.2d 1026[4–8] (Mo.App.1939).

*See also Grezeskowiak v. Grezeskowiak,* 997 S.W.2d 100, 102–03 (Mo.App. E.D. 1999) (explaining that the trial court's modification of the dissolution decree by ordering Husband to share equally in the parties' child's uninsured health costs "was an erroneous application of the law," because, "Wife neither filed a motion to modify the dissolution decree nor pleaded 'changed circumstances so substantial and continuing as to make the terms unreasonable.' Sec. 452.370, RSMo. Cum.Supp. 1999").

Here, no motion or pleading was before the court claiming or praying for an increase of Father's child support obligation or for new orders regarding health benefits for A.M. Nor did the parties try the issue by consent under Rule 55.33(b). To allow these child support modifications to stand would directly contradict the "cardinal principle" enunciated in *Dolan.* Trial courts do not have free rein to delve at will into issues not properly pled or tried by the consent of the parties.

Thus, Father's fifth point on appeal is granted. The trial court's modifications of the original judgment of dissolution to increase Father's child support obligation and to provide that Father is solely responsible for payment of A.M.'s health and dental insurance are reversed as void.

SPINDEN, P.J., and NEWTON, J., concur.