**DFG FOOD ENTERPRISES d/b/a,**
**Zinnia's Restaurant,**
**Petitioner,**

v.

**DIRECTOR OF REVENUE DIVISION**
**OF TAXATION, Respondent.**

**No. ED 82777.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 20, 2003.

Nathan S. Cohen, Clayton, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maureen C. Bleekley, Asst. Atty. Gen., St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

In a unique procedural posture, this case comes to this Court by way of transfer from the circuit court. Because we conclude that the transfer was improper, we

vacate the circuit court's order and re-transfer this matter to the circuit court.

A brief history of this case is necessary to understand how it arrived in this Court by way of transfer. On October 25, 2001, DFG Food Enterprises d/b/a Zinnia's Restaurant (Zinnia's) filed a complaint challenging the Director of Revenue's (DOR) assessment of sales tax, contending it was not subject to sales tax on certain gratuities. Pursuant to section 621.050, RSMo 2000, the Administrative Hearing Commission (AHC) has jurisdiction over such challenges. After a hearing, the AHC filed a decision on September 5, 2002 that upheld the DOR's assessment of sales tax liability.

Counsel for Zinnia's filed a petition for review with the Circuit Court of St. Louis County on September 25, 2002. Thereafter, counsel for Zinnia's realized that the petition for review should have been filed in the Court of Appeals under section 621.189, RSMo 2000. However, the time for filing such petition under section 621.189 had expired. On November 13, 2002, Zinnia's filed a motion for late notice of appeal with this Court, which was given Appeal No. ED 82054. We denied Zinnia's motion, concluding that section 621.189 does not provide a mechanism for filing a late petition for review, citing *Eleven Star, Inc. v. Director of Revenue*, 764 S.W.2d 521, 522 (Mo.App. W.D.1989).

The petition for review that was filed in the circuit court remained open. The DOR filed a motion to quash service of process and dismiss the petition, contending that section 621.189 provided only for review in the Court of Appeals. Instead of dismissing the petition for lack of jurisdiction, the circuit court entered an order on February 28, 2003, transferring the petition for review to this Court.

We can find no authority that would allow a circuit court to transfer a case to an appellate court. Because the circuit court cited no authority for its transfer, we are left to speculate as to its reasons. Our research reveals three possible provisions under which the circuit court may have acted. First, under section 476.410, RSMo 2000, if a case is filed in the wrong venue, a division of a circuit court shall transfer a case to "any division or circuit in which it could have been brought." However, the clear language of this statute limits transfers for improper venue to other circuit courts or divisions thereof. This statute does not authorize a circuit court to transfer a case to an appellate court.

Second, section 477.080, RSMo 2000, allows a district of the court of appeals to transfer a case to the correct district of the court of appeals or the Supreme Court if an appeal or writ of error has been filed in the wrong appellate court. Again, nothing in this statute would provide a circuit court with any authority to transfer a case to any appellate court.

Finally, Mo. Const. Art. V, section 11, also addresses transfers. It states:

> In all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction. An original action filed in a court lacking jurisdiction or venue shall be transferred to the appropriate court.

On first glance, it could be argued that the last sentence in this section might give the circuit court some authority to transfer the appeal. However, the Supreme Court addressed the applicability of art. V, sect. 11 to circuit courts in *Collins & Associates Dietary Consultants, Inc. v. Labor and Indus. Relations Com'n*, 724 S.W.2d 243

(Mo. banc 1987). In that unemployment matter, a business filed its petition for review in a circuit court of the wrong venue. Instead of dismissing the petition, the circuit court transferred the petition to the circuit court of the proper venue. The Court concluded that the circuit court had no authority to transfer the petition, and the only recourse of the circuit court was to dismiss the cause. *Id.* at 245.

The Court found that art. V, sect. 11 did not change this finding, because the use of the term "court" in that section only applies to appellate courts and not circuit courts. *Id.* In reaching this conclusion, the Supreme Court noted that section 11 is in the middle of a group of sections dealing exclusively with appellate courts. *Id.* After this case, the legislature enacted section 476.410, which does allow a circuit court to transfer a case to another circuit court. *See, State ex. rel. Director of Revenue v. Gaertner,* 32 S.W.3d 564, 567 (Mo. banc 2000). However, the court's interpretation of Art. V, sect. 11 remains authoritative. *See also, Record Newspaper Co. v. Industrial Com'n,* 340 S.W.2d 613, 615 (Mo.1960).

Finding no authority for the circuit court's transfer, we vacate the circuit court's order and retransfer this matter to the circuit court for appropriate disposition.

LAWRENCE G. CRAHAN, and ROBERT G. DOWD, JR., JJ., concur.