STATE of Missouri ex rel. Jeremiah W. (Jay) NIXON, Attorney General, and Director of Revenue, Relators,

v.

The Honorable Robert L. CAMPBELL, Senior Circuit Judge, 21st Judicial Circuit, St. Louis County, Respondent.

No. ED 83384.

Missouri Court of Appeals,
Eastern District,
Writ Division III.

Oct. 14, 2003.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Maureen C. Beekley, St. Louis, MO, for Relator.

Nathan S. Cohen, Clayton, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

The Director of Revenue (hereinafter, "Relator") filed a Petition for Writ of Prohibition seeking to prevent the Honorable Robert L. Campbell (hereinafter, "Respondent") from remanding a petition for judicial review to the Administrative Hearing Commission (hereinafter, "the Commission") for further consideration. Our preliminary order is made absolute.

This Court has elucidated the complex procedural history of the underlying case in *DFG Food Enterprises v. Director of Revenue Div. Of Taxation,* 105 S.W.3d 851 (Mo.App. E.D.2003). Therefore, we need not repeat it here. At issue was the circuit court's transfer of the petition for judicial review to our Court. This Court determined that transfer was without authority; thus, the circuit court was directed to make "appropriate disposition" of the cause. *Id.* at 852.

Upon remand, Respondent issued an order on August 27, 2003, ordering the cause be remanded to the Commission for further consideration. On September 2, 2003, Relator filed a writ of prohibition, along with suggestions and exhibits in support, seeking to prevent the enforcement of that order. Relator argues Respondent's order was in excess of his jurisdiction in that he had no authority to act upon the petition requesting judicial review pursuant to Section 621.189 RSMo (2000).[1] Respondent filed his suggestions in opposition, arguing a good faith appeal was taken, except for the fact it was filed in "the wrong place." As such, Respondent urges this Court to overlook the "technical" flaws and "not act to deprive a party of access to relief and justice on a meritorious appeal."

■ Writs of prohibition are not issued as a matter of right; rather, whether a writ should issue in a particular case is a question left to the sound discretion of the court in which a petition has been filed. *State ex rel. Boyle v. Sutherland,* 77 S.W.3d 736, 737 (Mo.App. E.D.2002). Generally, writs of prohibition are issued when they fall within one of three categories: (1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction; (2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the power to act as contemplated; or (3) where there is no adequate remedy by appeal. *State ex rel. Director of Revenue v. Mobley,* 49 S.W.3d 178, 179 (Mo. banc 2001).

■ In the instant case, we agree with Relator that Respondent was not vested statutorily with reviewing authority over the petition for judicial review. Section 621.189 clearly states:

Final decisions of [the Commission] in cases arising pursuant to the provisions of section 621.050 shall be subject to review pursuant to a petition for review to be filed in the court of appeals in the district in which the hearing, or any part thereof, is held or, where constitutionally required or ordered by transfer, to the supreme court. . . . Review under this section shall be exclusive, and decisions of [the Commission] reviewable under this section shall not be reviewable in any other proceeding, and no other official or court shall have power to review any such decision by an action in the nature of mandamus or otherwise except pursuant to the provisions of this section. . . .

Therefore, the petition for review should have been filed with this Court, or if permitted, the Supreme Court. Despite the clear language in Section 621.189, the petition for review was filed with Respondent, who transferred it to this Court. In *DFG Food Enterprises,* this Court held Respondent lacked authority to transfer the petition for review to our Court and directed Respondent to make the appropriate disposition.

■ Filing the petition for review in the incorrect court deprives the circuit court of jurisdiction to take any action. *State ex rel. Director of Revenue, State of*

---

1. All further statutory references are to RSMo (2000) unless otherwise specified.

*Mo. v. Rauch,* 971 S.W.2d 350, 353 (Mo. App. E.D.1998). Without subject matter jurisdiction, any action taken by the circuit court is null and void. *Kalb v. Director of Revenue, State of Mo.,* 32 S.W.3d 126, 128 (Mo.App. E.D.2000). When the circuit court lacks subject matter jurisdiction, it can do nothing more than exercise its inherent power to dismiss the petition. *Id.;* see also Rule 55.27(g)(3). Therefore, Respondent did not have subject matter jurisdiction to remand the petition for judicial review to the Commission for further consideration. Respondent's only permitted recourse is to dismiss the petition.

Our preliminary writ of prohibition is made absolute.

SHERRI B. SULLIVAN, C.J., and MARY R. RUSSELL, J., concur.