STATE of Missouri ex rel., Candice Merriweather BARNETT, Relator,

v.

The Honorable Michael MULLEN, Judge of the Circuit Court of the 22nd Judicial Circuit, Respondent.

No. ED 83522.

Missouri Court of Appeals, Eastern District, Writ Division Four.

Jan. 20, 2004.

David B. Lacks, Jeanne M. Fox, St. Louis, MO, for relator.

Mitchell D. Jacobs, Clayton, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Relator, Candice Merriweather Barnett ("mother"), sought our preliminary order in prohibition to prevent enforcement of respondent's order requiring her and her daughter ("child") to submit to genetic testing. The order was entered in a new case challenging paternity filed by father ten years after a default judgment had been entered declaring him to be child's father. We issued a preliminary order in prohibition and now make our order absolute because the trial court exceeded its jurisdiction in exercising jurisdiction in the new case, which was barred by the principles of *res judicata*.

Mother gave birth to child on March 7, 1992. In March, 1993 the State of Missouri and mother, individually and as next friend of child, filed a verified petition in an action against father in the Circuit Court of the City of St. Louis pursuant to the Uniform Parentage Act, Sections 210.817 to 210.852 RSMo Supp. (1992) ("UPA") in Cause No. 937–1081 to obtain a declaration of father's paternity and order of support. They also filed a verified petition to appoint mother as child's next friend, which the circuit court granted. Father was personally served while incarcerated in the Boonesville Correctional Facility by the Cooper County sheriff. Upon a finding of service and failure to answer, the circuit court granted mother's motion for default and inquiry on September 24, 1993. On the same date the circuit attorney's office mailed a Notice of Hearing to father at the Booneville Correctional Center indicating that a hearing on a motion for default judgment would be held on October 15, 1993. On October 15, 1993 the circuit court entered a Default Judgment of Paternity declaring father to be child's father and ordering him to pay child support. In its judgment the court recited that father failed to appear and that it reviewed "the verified pleadings of the parties, the Affidavit in Support of Default Judgment, the required form 14 with earning information from Employment Security Affidavit of State Debt and any results of any genetic testing." In June, 2003 the state applied for a show cause order alleging father's failure to pay child support. This application is before respondent in Cause No. 937–1081.

In August, 2003 father filed a Petition to Determine Paternity and To Stay Child Support Enforcement in a new case, Cause No. 033–03617, in the Circuit Court of the City of St. Louis. Father alleged that he is not child's genetic father, that the 1993 paternity judgment is invalid because he was not properly served, and that jurisdiction was proper under the UPA. Father named mother as a party defendant, individually and as child's next friend. Father did not obtain an order appointing mother or another adult to act as child's next friend, or name child as a defendant.

Father also filed a motion to stay child support enforcement and a motion to compel mother and child to submit to paternity testing pursuant to the UPA in Cause No. 033–03617. On September 25, 2003, mother filed a motion to dismiss father's petition to determine paternity on the grounds of *res judicata*, because paternity had previously been determined by the 1993 judgment. On September 30, 2003, after a hearing, respondent granted father's motion to compel genetic testing. Respondent also stayed the proceedings on mother's show cause motion in Cause No. 937–1081 until the test results were obtained.

Mother requests a writ of prohibition from this court. She argues that respondent's September 30, 2003 order exceeds his jurisdiction for two reasons: 1) the issue of paternity had been fully adjudicated and any further adjudication is barred by the doctrine of *res judicata;* 2) the trial court lacked jurisdiction under the UPA to order genetic testing because father failed to join child as a party as is required by the UPA.

■■■ The primary purpose of prohibition is to prevent a trial court from exceeding its jurisdiction. *State ex rel. Armstrong, et al. v. Kohn,* 850 S.W.2d 86, 89 (Mo.banc 1993). A writ of prohibition is a proper remedy when a court, with jurisdic-

tion of the subject matter and the parties, threatens to act or proceed in a matter in which it has no jurisdiction or is in excess of its jurisdiction, that it may be said to be acting without jurisdiction. *State ex rel. Albert v. Adams,* 540 S.W.2d 26, 31 (Mo. banc 1976). We may restrain an attempt to exercise jurisdiction in a matter barred by *res judicata* by writ of prohibition. *State v. Fairness in Const. Bd.,* 960 S.W.2d 507, 512 (Mo.App.1997).

Mother moved to dismiss on the ground that the action was barred by the doctrine of *res judicata.* Although the trial court has not ruled on the motion to dismiss, it attempted to exercise jurisdiction in this case by ordering genetic testing. We may therefore consider whether *res judicata* prevents the trial court from exercising jurisdiction.

■■■ *Res judicata* means "a thing adjudicated" and is a common law doctrine that precludes relitigation of a claim formerly made. *Chesterfield Village v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002). Father was adjudged to be child's father in the 1993 action between himself, mother and child. Father's 2003 petition to determine paternity seeks merely to relitigate father's paternity of child. "It is well established 'that a finding or implication of paternity in a divorce or annulment decree, or in an incidental support or custody order, is *res judicata* on the issue of paternity in subsequent proceedings between the former spouses and that each of them is bound by the prior paternity determination.'" *Miller v. Hubbert,* 804 S.W.2d 819, 820 (Mo.App. 1991) (quoting *K.E.A. v. T.A.A.,* 765 S.W.2d 389, 391 (Mo.App.1989) and *In re Marriage of Campbell,* 741 S.W.2d 294, 296 (Mo.App.1987)). This rule applies equally when the parents have never been married. The 1993 action resolved father's paternity. Father is bound by the

prior paternity judgment and is precluded from relitigating it.

Father argues that *res judicata* is inapplicable in this situation because the 1993 paternity judgment was entered by default. We disagree. *Res judicata* prevents a party from relitigating issues judicially determined in a previous action, even when the judgment was entered by default. *Drainage Dist. No. 1 Reformed v. Matthews,* 361 Mo. 286, 301, 234 S.W.2d 567, 572–73 (1950). A defaulting party who was served and thereby given a full opportunity to litigate the issues in the previous case cannot relitigate those issues in a subsequent action. *Id.*

In the 1993 case father was served, given notice of the proceedings, and had an opportunity to be heard. The circuit court in that case reviewed the facts and entered a judgment declaring father's paternity. As a result, any relitigation of paternity between these parties is barred by *res judicata.*

Because the action is barred by *res judicata,* we do not need to reach the question whether a writ of prohibition would also be appropriate because father failed to join child as a party pursuant to Section 210.830 RSMo. *See State ex rel. Wade v. Frawley,* 966 S.W.2d 405, 406 (Mo.App.1998).

Respondent exceeded his jurisdiction in ordering genetic testing of mother and child. Accordingly, we order that our preliminary order of prohibition now be made absolute and direct respondent to quash the order compelling mother and child to undergo genetic testing.

SHERRI B. SULLIVAN, C.J. and LAWRENCE G. CRAHAN, J., concur.