**Dianne R. TIMMERMAN, now known as Dianne E. Bernhard, Respondent,**

v.

**Timothy Steven TIMMERMAN, Appellant.**

**No. WD 62002.**

Missouri Court of Appeals, Western District, En Banc.

July 27, 2004.

---

3. At the time, plain error review was authorized by Rule 27.20.

Susan F. Robertson, Columbia, MO, for Appellant.

Charles J. Dykhouse, Columbia, MO, for Respondent.

Before JOSEPH M. ELLIS, C.J., HAROLD L. LOWENSTEIN, ROBERT G. ULRICH, PATRICIA BRECKENRIDGE, PAUL M. SPINDEN, JAMES M. SMART, JR., EDWIN H. SMITH, VICTOR C. HOWARD, THOMAS H. NEWTON, RONALD R. HOLLIGER, and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Timothy Timmerman appeals the judgment of the trial court modifying his custody rights with his four-year-old child. In his sole point on appeal, Mr. Timmerman claims that the trial court's modification resulted in a drastic and significant change in his physical custody rights that was not supported with evidence of a substantial change in circumstances as required by section 452.410.[1] Alternatively, he contends that even if the trial court's judgment resulted only in a modification of his visitation rights, the trial court failed to find that such modification was necessary or in the child's best interests as required by section 452.400.[2] The judgment of the trial court is affirmed.

Timothy Timmerman (Father) and Dianne Bernhard (Mother) were divorced in January 2000. At the time of the divorce, both Father and Mother were employed by the Columbia Police Department and both worked a rotating schedule of four days working and two days off. In the dissolution decree, Father and Mother were awarded joint legal and physical custody of their daughter. The trial court ordered the parties to share physical custody equally as follows:

> Both [Father] and [Mother] acknowledge that both [Father] and [Mother's] jobs require shift work which can fluctuate from year-to-year. As it is impossible to predict their future work schedules, [Father] and [Mother] agree to act in the best interests of the child in determining future visitation schedules. At the time of this Separation Agreement, [Father] and [Mother] both work a rotating schedule of four days working and two days off. [Father] works from 2:30 p.m. to 11:00 p.m. [Mother] works from 10:30 p.m. to 7:00 a.m. [Father] will have custody of the child on scheduled work days from 11:00 p.m. until 2:00 p.m. on the following day. [Mother] shall have custody of the child from 2:00 p.m. until 11:00 p.m. on scheduled work days. In addition, [Mother] shall have the minor child on the first scheduled day off until 8:00 p.m. that night, or until a time mutually agreed upon by both [Father] and [Mother]. [Mother] shall have custody of the minor child from 8:00 p.m. on the first night off and during the entire second day off and night. The above-mentioned schedule for scheduled work days will then begin again....

In January 2001, however, the parties deviated from the schedule. Father had custody of the child on his two days off. He obtained his daughter from Mother after he finished his fourth day of work and returned her to Mother on the morning he returned to work. For example, if Tuesday were the fourth day of Father's shift, he would have custody of the child from Tuesday evening until Friday morning.

In January 2002, Mother's work schedule changed from shift work to a regular schedule Monday through Friday, 7:30 a.m. to 3:30 a.m. With this change in Mother's schedule, the parties were unable to agree on the time the child was to be with each parent (parenting time). Additionally, the parties were unable to agree on whether to send the child to preschool. Mother wanted to enroll the child in pre-

---

1.  All statutory references are to RSMo 2000 unless otherwise specified.

2.  This case was originally heard by a three-judge panel but because current case law concerning modifications of custody arrangements and terminology used to address custo-
dy and visitation issue are confusing and even contribute to cause significant problems, the case was transferred en banc on this court's own motion to permit the entire court's participation.

school to provide her with interaction with other children in a structured environment and to prepare her for kindergarten. Father, on the other hand, wanted his fiancée to watch the child when he was working. Finally, the parties were unable to agree on whether to send the child to a public or private school when she reaches school age. Mother preferred a public school while Father preferred a private school. As a result of these disagreements, Mother filed a motion to modify in February 2002, seeking primary physical custody[3] of the child.[4]

At the hearing on the motion, Mother testified that although Father is a good father, with the change in her work schedule, she believes that she can provide the child with a more consistent, stable schedule. Father testified that he has been very active in the child's life and that he doesn't want to be relegated to a weekend dad.

Following the hearing, the trial court entered judgment modifying the parties' parenting time. It provided that the primary residence of the child shall be with Mother during the school year and that the child shall attend preschool until she reaches school age at which time she shall attend the public elementary school in the school district in which Mother resides. Father was granted parenting time every other weekend from Friday morning at 9 a.m. through Monday evening at 5:00 p.m. He also has parenting time with the child every Wednesday from 9:00 a.m. until

Thursday morning at 9:00 a.m. During the summer, the parties alternate parenting time of the child every week with the noncustodial parent having custody of the child for two days and an overnight. The trial court also set out a holiday schedule. This schedule calculates to approximately 140 overnight parenting times plus half of the holidays per year for Father. Father appeals.

## Standard of Review

■ This is a court-tried case; therefore, the judgment of the trial court will be affirmed unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Issue on Appeal

In his sole point on appeal, Father claims that the trial court's modification resulted in a drastic and significant change in his physical custody rights that was not supported with proof of a substantial change in circumstances as required by section 452.410. Alternatively, he contends that even if the trial court's judgment resulted only in a modification of his visitation rights, the trial court failed to find that such modification was necessary or in the child's best interests as required by section 452.400.

■ Section 452.410 governs modification of custody decrees. Under the stat-

3. The use by courts of the term "primary physical custodian" has led to confusion where it refers to both a sole physical custodian and a joint physical custodian who has more parenting time than the other custodial parent. *Loumiet v. Loumiet*, 103 S.W.3d 332, 338 (Mo.App. W.D.2003). This court has suggested, therefore, that the designation of "primary" in custody cases be abandoned in favor of the joint and sole terminology. *Id.*

4. While Mother's motion to modify alleged that joint legal custody was no longer reasonable, she sought only to modify the joint physical custody award by asking the trial court to approve the Parenting Plan submitted by her, which included the issues of day care, preschool, and schooling.

ute, a court shall not modify a prior custody decree unless it finds

upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree that a change has occurred in the circumstances of the child or his custodian and that modification is necessary to serve the best interests of the child.

§ 452.410.1. A change of visitation, on the other hand, is governed by section 452.400.2. Under section 452.400.2, a court may modify a parent's visitation rights "whenever modification would serve the best interests of the child." Proof of a substantial change of circumstances is not required to modify visitation under section 452.400.2. *Stirling v. Maxwell*, 45 S.W.3d 914, 916 (Mo.App. W.D.2001). Because different standards apply depending on whether custody or visitation is being modified, a court must necessarily determine which is being modified.

Custody is defined in section 452.375.1(1) as "joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof." Joint physical custody is defined as:

[A]n order awarding each of the parents significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervision of each of the parents. Joint physical custody shall be shared by the parents in such a way as to assure the child of frequent, continuing and meaningful contact with both parents.

§ 452.375.1(3). Sole physical custody is not defined. Given the definition of joint physical custody, however, sole physical custody would logically "encompass custodial arrangements in which one of the parents is not awarded significant periods of custodial time." *Loumiet v. Loumiet*, 103 S.W.3d 332, 336–37 (Mo.App. W.D. 2003). Under section 452.400.1, a parent "not granted custody of the child" is entitled to visitation. Thus, by definition, visitation is ordered where sole physical custody is awarded to a parent; not under a joint physical custody plan. *Loumiet*, 103 S.W.3d at 337–38.

What constitutes significant periods of custodial time for purposes of joint physical custody is not defined but left for the trial court's determination. *Id.* at 337. Consequently, appellate courts have found that the designation of either joint or sole physical custody with liberal visitation has little or no practical effect. *Id.; Stewart v. Stewart*, 988 S.W.2d 622, 624 (Mo.App. W.D.1999). For instance, in *Stewart*, in reviewing a claim of trial court abuse in designating one parent as primary physical custodian, this court held that the custody decree that awarded mother primary physical custody with liberal visitation to father should be considered an award of joint physical custody. 988 S.W.2d at 625.

The Southern District has extended such analysis to determination of which standard to apply in cases involving modification of custody decrees. *In re D.M.S.*, 96 S.W.3d 167, 173 (Mo.App. S.D.2003); *Baker v. Welborn*, 77 S.W.3d 711, 716 (Mo. App. S.D.2002). In *Baker*, on an appeal from a modification of a custody decree, the Southern District first analyzed the nature of the physical custody arrangement in both the original decree and the modified decree. 77 S.W.3d at 718–19. Although the original decree did not denominate the custody arrangement as joint physical custody, the appellate court determined that the original decree effectively awarded joint physical custody because both parents were given significant periods of time with the children. *Id.* at 718. Next, in deciding which standard for modification to apply in the case, the court

considered how the modification altered the relative status of the parties from the original decree. *Id.* at 718–19. It held that when a joint physical custody award is modified, if the time a parent is permitted to have the child reside with him or under his supervision is, considering the entire custody scheme, altered significantly or drastically, a change of custody has occurred. *Id.* at 718. The modification is, therefore, governed by section 452.410.1, which requires proof of both a change of circumstances and that modification is in the child's best interests. If, however, that time is changed to a lesser extent, considering the entire custody scheme, then a change of visitation occurs; and the modification is governed by section 452.400.2, which only requires proof that the modification is in the child's best interests. *Id.* Citing *Stewart*, the Southern District explained, "[I]t is the substance of the award, not the designation of physical custody, that really matters in assessing what is attempted to be modified." *Id.* at 718.

The approach in *Baker*, however, is imperfect.[5] First, such approach lacks a bright line and could lead to further confusion and inconsistency from case to case. Since what constitutes significant periods of custodial time is not defined for purposes of joint physical custody, two different trial courts could categorize two identical physical custody arrangements differently. Thus, the two trial courts would apply different proof elements for modification depending on whether the courts consider the original custody arrangements to grant custody or visitation. Additionally, a trial court would be forced to decide whether the modification it wants to make is significant, drastic, or something less before it could determine

what standard of proof to apply to the evidence. No rule that leaves determination of the standard of proof until the end of the case is practical or sensical. The same problem of subjective unpredictability would continue during appellate review as an appellate court reclassifies a custody award in a modification proceeding. The possibility of reclassification of the original physical custody award by the appellate court in the appeal from the modification of the original award would leave the trial court and parties to speculate on what standard of proof must be met in the modification hearing.

Another problem is one of statutory interpretation. The standard in section 452.400.2 allows modification of visitation rights whenever modification would serve the best interests of the child. The term "visitation" has been used to refer to both the amount of time a child spends with a non-custodial parent in a sole physical custody situation and the amount of time a child spends with the non-principal physical custodian in a joint physical custody situation. But, as discussed above, a joint physical custodian does not have visitation rights by definition. *Loumiet*, 103 S.W.3d at 337. Application of section 452.400.2 to modify a joint custody arrangement, therefore, is inappropriate.

Another problem with the approach taken in *Baker* is that it ignores the principle of res judicata. "Res judicata means 'a thing adjudicated' and is a common law doctrine that precludes relitigation of a claim formerly made." *State ex rel. Barnett v. Mullen*, 125 S.W.3d 896, 898 (Mo. App. E.D.2004). Conceivably, a trial court in a modification proceeding could, as the appellate court did in *Baker*, decide that the original custody decree was not what it

---

**5.** This approach was followed in the more recent case, *In re D.M.S.*, 96 S.W.3d 167

(Mo.App. S.D.2003).

said it was. Such lack of recognition of the final dissolution decree undermines the certainty of the parties' relationship and respect for the law.

■ For these reasons, *Baker* is rejected in favor of a bright line test. Where the custodial arrangement is designated by the judgment making the initial award as joint physical custody, an attempt to modify the time that the child mentioned in the judgment is with either parent is an attempt to modify custody and requires proof of the elements in section 452.410.1, i.e. change in circumstances and that modification is in the best interests of the child. If, however, the custodial arrangement is designated as sole physical custody with visitation, an attempt to modify visitation is governed by section 452.400.2 and requires only a showing that the modification is in the child's best interests. Of course, an attempt to change sole physical custody from one parent to another or to joint physical custody is an attempt to modify custody requiring the application of section 452.410.1. Thus, although the designation of either joint or sole physical custody with liberal visitation has little or no practical effect in most situations, such designation is crucial for modification purposes.[6]

■ The original divorce decree in this case granted the parties joint physical custody of the child. Therefore, the standard in section 452.410.1 applied to Mother's motion to modify. As previously discussed, to modify custody under section 452.410.1, the movant must prove: (1) a substantial change in the circumstances of the child or the child's custodian; and (2) that the best interests of the child would be served by modifying custody. *Wood v. Wood*, 94 S.W.3d 397, 405 (Mo.App. W.D. 2003). The change in circumstances must be in the circumstances of the child or the child's custodian. § 452.410.1; *Jantz v. Brewer*, 30 S.W.3d 915, 918 (Mo.App. S.D. 2000). When parents have joint physical custody, each parent is a custodian within the meaning of the statute. *Jantz*, 30 S.W.3d at 918; *Clark v. Clark*, 805 S.W.2d 290, 294 (Mo.App. E.D.1991).

In deciding whether modification of custody would serve the best interests of a child, the trial court must consider the statutory factors of section 452.375.2. *In re McIntire*, 33 S.W.3d 565, 572 (Mo.App. W.D.2000). Those factors are:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and

---

**6.** This approach does not resolve all of the problems created by the current statutory scheme. Inherent in the current applicable statutes is the possibility that identical parenting time distributions may be designated differently because the statutes provide no guidance as to what constitutes "significant" time. Perhaps, the most illogical result under this approach is that a joint custodial parent who seeks only a slight modification of his parenting time would have to prove a change in circumstances while a parent with visitation could obtain drastic changes in his parenting time after proving only "best interests." Nevertheless, with this approach, trial courts and parties will be assured that the designation a physical custody award is given in the original proceeding to conclusion will not change.

meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history or abuse of any individuals involved. If the court finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as the child's custodian.

§ 452.375.2.

▆ Review of the original dissolution decree shows that the trial court recognized that the nature of the parties' fluctuating work schedules required the parties to "agree to act in the best interests of the child in determining future visitation schedules." The evidence in this case revealed that up until the time Mother's work schedule changed, Mother and Father agreed on and cooperated with each other regarding the custodial arrangements for the child. With the change in Mother's schedule to a regular Monday through Friday schedule, however, the parties were unable to agree on the parenting time schedule for the child. "In a joint custody situation, breakdown of parental communication and cooperation is sufficient, in and of itself, to constitute a change in circumstances." *Hollins v. Hollins*, 13 S.W.3d 669, 672 (Mo.App. E.D. 2000). Furthermore, the change in Moth-

er's work schedule from shift work to a regular Monday through Friday schedule was substantial. Considering that the parties' fluctuating work schedules was a significant factor in the trial court's award of joint physical custody of the child, the substantial change in one of the parties' schedule constituted a change in circumstances.

Additionally, substantial evidence was presented that modification of the parenting time schedule was in the child's best interests. The evidence in this case showed that both parents are nurturing and active in the child's life. Additionally, each understands the need for the child to have a relationship with the other parent. The change in Mother's work schedule from fluctuating shifts to a regular schedule Monday through Friday, however, allows a much more consistent, stable parenting time schedule for the child. Such stability is important as the child starts school and participates in more activities. Additionally, the modified joint physical custody schedule continues to provide the child with a frequent, continuing and meaningful relationship with Father. The trial court's modification of joint physical custody was, therefore, supported by substantial evidence. Point denied.

The judgment of the trial court is affirmed.

All concur.