STATE of Missouri, ex rel. FAMILY SUPPORT DIVISION and Tinikia Damon, Individually and as Next Friend of Javon Weatherspoon, Relators,

v.

Hon. Calea STOVALL–REID, Judge of Division 14, City of St. Louis Circuit Court, Respondent,

and

Joseph Weatherspoon, Respondent.

No. ED 85930.

Missouri Court of Appeals, Eastern District, Writ Division Three.

May 3, 2005.

Marta H. Tilney, St. Louis, MO, for relator.

Maribeth McMahon, City Counselor's Office, St. Louis, MO, for respondent.

Joseph Weatherspoon, St. Louis, MO, pro se.

ROBERT G. DOWD, JR., Presiding Judge.

The State of Missouri, Family Support Division, and Tinikia Damon (Mother), (collectively referred to as Relators), sought our preliminary order in prohibition to prevent enforcement of the Honorable Judge Calea Stovall–Reid's (Respondent) order requiring Mother and her son (Child) to submit to genetic testing. The order was entered during a hearing on Relators' application for order to show cause why Joseph Weatherspoon (Father) should not be held in contempt for failing to honor the terms of a 1995 judgment of paternity and support when Father made an oral motion for genetic testing. We issued a preliminary order in prohibition.

We now make our preliminary order absolute because Respondent exceeded her jurisdiction in ordering Mother and Child to submit to genetic testing when the issue of Father's paternity is barred by res judicata.

Mother gave birth to Child on January 16, 1995. In May of 1995, The State of Missouri and Mother, individually and as next friend of Child, filed a petition under the Uniform Parentage Act, Sections 210.817 to 210.852, RSMo 2000, for a declaration of Father's paternity and order of support. Father was served with the petition. Father failed to answer or otherwise plead in the case. Notice of the hearing for August 4, 1995, was mailed to Father in July of 1995. A default judgment was entered on August 4, 1995, declaring Father to be the father of Child, and ordering Father to pay child support in the sum of $50.00 per month and to pay state debt of $200.00. The judgment included an affidavit in support of default judgment, an affidavit of state debt, and a Form 14 child support calculation.

In March of 2000, the Family Support Division moved to modify the child support order. Father was served and again failed to respond. The judgment was modified, increasing Father's child support obligation to $317.00 per month.

In August of 2004, ten years after the entry of the paternity and child support judgment, Relators filed an application for order to show cause in an effort to enforce the judgment and find Father held in contempt. The application alleged Father was delinquent in child support payments in the sum of $5,787.67 as of July 19, 2004. The circuit court issued an order to show cause ordering Father to appear. Father entered his appearance in the contempt proceedings and the case was set for trial. At no time did Father file a motion or proceeding in equity to attack the underlying judgment of paternity and child support.

At the trial on February 24, 2005, Relators presented evidence, including testimony of Mother, that Father had made child support payments in the amount of $12,963.13, but was delinquent in child support in the amount of $7,988.97 as of February 18, 2005. At the trial, Father made an oral motion for paternity genetic testing. Respondent granted Father's motion, ordered genetic testing, and stayed proceedings on Relators' show cause motion until the new trial date.

■ Relators request a writ of prohibition from this court. Relators argue Respondent exceeded her jurisdiction in ordering genetic testing because the issue of paternity had been fully adjudicated and any issue of Father's paternity is barred by res judicata. We agree.

■ Generally, a writ of prohibition is issued when it falls within one of three categories: (1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction; (2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the power to act as contemplated; or (3) where there is no adequate remedy by appeal. *State ex rel. Nixon v. Campbell*, 120 S.W.3d 225, 227 (Mo.App. E.D.2003). We may restrain an attempt to exercise jurisdiction in a matter barred by res judicata by writ of prohibition. *State ex rel. Barnett v. Mullen*, 125 S.W.3d 896, 898 (Mo.App. E.D. 2004).

■ Res judicata means "a thing adjudicated" and is a common law doctrine that precludes relitigation of a claim formerly made. *Id.* (*citing Chesterfield Village v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002)). Res judicata prevents a party from re-litigating issues judi-

cially determined in a previous action, even when the judgment was entered by default. *Barnett,* 125 S.W.3d at 898. Here, Father was adjudged to be Child's father in the 1995 action between himself, Mother, and Child. A finding or implication of paternity in a support order is res judicata on the issue of paternity in subsequent proceedings between parties and each of them is bound by the prior paternity determination. *Id.; Miller v. Hubbert,* 804 S.W.2d 819, 820 (Mo.App. E.D.1991). The 1995 action resolved Father's paternity and Father is bound by the prior paternity judgment.

In her response, Respondent contends the 1995 default judgment is void because of improper service, improper notice, and a defective affidavit in support. However, the 1995 default judgment is still in effect. There has been no action by the parties to have a court declare the 1995 default judgment void or to set it aside. Therefore, the 1995 judgment bars Father from questioning paternity.

Respondent exceeded her jurisdiction in ordering genetic testing of Mother and Child. Accordingly, we order that our preliminary order of prohibition now be made absolute and direct Respondent to quash the order compelling Mother and Child to undergo genetic testing.

Preliminary writ made absolute.

CLIFFORD H. AHRENS, and MARY K. HOFF, JJ., concur.