**Walter STROBEL, Appellant,**

v.

**Jane STROBEL, Respondent.**

**No. WD 67242.**

Missouri Court of Appeals,
Western District.

April 17, 2007.

Donald Witt, Platte City, for Appellant.

Christy Lea Fisher, Plattsburg, Andy Schroeder, Special Public Defender, Canton, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Walter Strobel ("Father") appeals a judgment of the circuit court modifying the child custody arrangement established in his divorce from Jane Strobel ("Mother"). Father asserts three points on appeal. Father claims (1) that the modification ordered was against the weight of the evidence, (2) that the trial court failed to make sufficient written findings regarding the custody modification, and (3) that the trial court failed to make sufficient written findings regarding Mother's relocation. This court finds that the trial court's judgment was not against the overwhelming weight of the evidence, that the amended judgment was sufficiently specific to allow meaningful appellate review, and that Father's third point is not preserved for our review, as it was not raised in a post-trial motion.

### Factual and Procedural Background

The original dissolution judgment in this case awarded sole legal and physical custody to Father. The parenting plan incorporated in that judgment con-

tained provisions requiring quarterly meetings between both parents to discuss the children's schedules, activities, "health and dental care issues, school activities and conferences ... extracurricular sporting and cultural activities and disciplinary issues." The judgment, although denominating Mother's parenting time as "visitation," gave each parent roughly equal parenting time.[1] We have criticized the nomenclature of such a plan and pointed out the difficulties raised by an inappropriate designation. *Timmerman v. Timmerman*, 139 S.W.3d 230, 236 (Mo.App. W.D.2004).[2] We continue to urge trial courts to describe parenting plans realistically and not to accept the parties' designations where they do not comport with the law or with the actual circumstances of the parenting plan adopted.

Fifteen months after the original judgment, Mother filed a pleading styled as a "Motion to Clarify Previously Written Parenting Plan." Father filed an answer along with a counter-claim requesting a modification of custody. Actually, Father's motion sought changes in Mother's visitation, but the motion shifts back and forth in nomenclature between "custody," "visitation" and "temporary custody."[3] Mother then filed her own motion to modify seeking joint legal and physical custody. A bench trial was held on the cross motions, and the court entered a judgment granting a modification of custody from sole legal and

physical custody to joint legal and physical custody.

Father filed a timely motion to amend the judgment pursuant to rule 78.07(c),[4] based on a claim that the judgment failed to include statutorily required findings and was against the weight of the evidence. The court then entered an amended judgment of modification and this appeal follows.

## Standard of Review

 When reviewing a trial court judgment ordering the modification of a custody arrangement, this court must affirm if the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Kubley v. Brooks*, 141 S.W.3d 21, 25 (Mo. banc 2004).

## Discussion

In this appeal, Father challenges both the substance and form of the judgment entered below. Specifically, Father challenges both the sufficiency[5] of the evidence to establish a change in circumstances, and the sufficiency of the trial court's written findings concerning the best interests of the children involved. This opinion addresses each of these challenges in series.

## Evidence of a Change in Circumstances

1. Excluding holidays, Mother's "temporary custodial periods" under the parenting plan actually exceeded Father's custodial time by twelve hours per week.

2. The continued vitality of *Timmerman* may be in question after *Russell v. Russell*, 210 S.W.3d 191 (Mo. banc 2007).

3. The phrase "temporary custody," like "primary physical custody," is not defined in sec-

tion 452.375, and has no fixed meaning in a final judgment or parenting plan. *See In re Marriage of Hendrix*, 183 S.W.3d 582, 585 n. 2 (Mo. banc 2006).

4. All rules cited are Missouri Rules of Court 2006, unless otherwise noted.

5. As noted below, Father mischaracterizes this claim as being a matter of evidentiary weight.

■ Section 452.410.1 [6] requires proof of a change of circumstances to support a custody modification. Father alleges that the trial court's change from sole custody to joint custody in the instant case is against the weight of the evidence to the extent that no changed circumstances were established at trial. In reality, Father attacks whether there is substantial evidence to support the judgment, since he contends that there is *no* evidence to show a change of circumstances.[7]

■ We note as a threshold matter that Father's brief misstates the applicable standard for custody modifications by contending that the evidence must show a "substantial and continuing" change in the circumstances of the custodial parent or children. A "continuing" change is not required. *In re McIntire*, 33 S.W.3d 565, 569 (Mo.App.2000). Further, as our Supreme Court has recently clarified, the change in circumstances that must be shown need not be "substantial" where, as here, the modification ordered is from sole custody to joint custody. *Russell v. Russell*, 210 S.W.3d 191, 194 (Mo. banc 2007).[8]

■ With the appropriate standards in mind, we turn to Father's claim that the trial record contains no evidence of a change in circumstances. At trial, Mother testified that she and Father were able to communicate and make joint decisions regarding the health, education and welfare of the children for the first year following the dissolution of their marriage. Shortly before the filing of the petition and cross-motions in the present case, however, a breakdown in communication and cooperation occurred. A "breakdown of parental communication and cooperation is sufficient, in and of itself, to constitute a change in circumstances." *Hollins v. Hollins*, 13 S.W.3d 669, 672 (Mo.App. E.D. 2000).

Mother's testimony, apparently believed by the trial court, was to the effect that Father had abused and misused his status as legal custodian to discourage or prevent Mother's participation in decisions concerning the children. In addition, there was evidence that Father had attempted and would continue to attempt to interfere with Mother's parenting time because of his disapproval of her life choices and had even requested that her visitation be supervised. Father suggested that such supervision could consist, for example, of one of Mother's parents dropping in unannounced when Mother had the children.

Although Father contends that there was evidence that Mother's lifestyle and actions presented a danger to the children, the trial court obviously did not believe such testimony. Giving "due regard to the opportunity of the trial court to have judged the credibility of witnesses," Rule 84.13(d)(2), we find that there was substan-

<hr>

6. All statutory references are to RSMo 2000, unless otherwise noted.

7. While not dispositive of any issue in this case, this opinion gives Father the benefit of review under the more favorable "sufficiency of the evidence" standard. The outcome of the present appeal would be unchanged if reviewed in terms of the weight of the evidence. The record in this case does not leave this court with "a firm belief that the decree or judgment is wrong." *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

8. To the extent that *Timmerman* and similar cases can be read as suggesting that a "substantial" change must be proven before custody is modified from sole to joint, *see Timmerman*, 139 S.W.3d at 236, those cases appear to be overruled by *Russell*, 210 S.W.3d at 194 (holding that a substantial change must be shown only "where one party is seeking to revise or modify a judgment to deprive one custodial parent of custody altogether").

tial evidence of a change in circumstances warranting a modification of custody.

## Written Findings Concerning Best Interests

Section 452.375.4 states Missouri's public policy preference for a custody arrangement that fosters continuing contact with both parents and section 452.375.2 lays out eight factors that must be considered when determining what custodial arrangement is in the best interests of the child. Section 452.375.6 requires that when a court orders a custody arrangement that has not been assented to by the parties, the court must issue written findings "detailing the specific relevant factors that made a particular arrangement in the best interest of the child."

The original judgment of modification entered in the present case contained no discussion of what factors made joint custody in the best interest of the children involved. Father then filed a motion to amend the judgment pursuant to rule 78.07(c), requesting the entry of such findings, which the trial court granted. On appeal, Father does not challenge the substance of the amended judgment's best interest findings, but does object to the form thereof. His present claim is that those findings do not comply with section 452.375.6 and therefore do not allow for meaningful review by this court. *See Davidson v. Fisher*, 96 S.W.3d 160, 164 (Mo.App. W.D.2003).

Father claims that the amended judgment in the instant case is deficient in the same sense as the judgment entered in *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 92 (Mo.App. W.D.2006). Contrary to Father's claim on appeal, however, that case does not require a detailed finding on each factor listed in section 452.375.2. Sufficient findings on the *relevant* factors are

all that is required. *Speer v. Colon*, 155 S.W.3d 60, 62 (Mo. banc 2005).

 In this case, the amended judgment added findings regarding the best interest factors contained in section 452.375.2. Those findings indicate that the fourth factor, "[w]hich parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent," favors Mother, and no other factors favor either party. While a mere "checklist" of the best interest factors indicating which factor weighs in favor of each parent is insufficient to comply with section 452.375.6, *Schlotman v. Costa*, 193 S.W.3d 430, 433 (Mo.App. W.D.2006), the findings "need not mechanically discuss all eight factors listed in section 452.375.2, [but] must discuss the relevant factors in such a manner that meaningful appellate review is possible." *Alberswerth*, 184 S.W.3d at 91.

In granting Father's motion for an amended judgment, the trial court also added a paragraph in which it made additional findings relevant to the fourth statutory factor, quoted above. That paragraph found that both parents are fit and proper to have custody and noted that *"prior to the filings for this modification,"* the parties met quarterly to discuss the children and their activities." (Emphasis added.) The court then found that "joint legal and physical custody will best assure [that] both parents participate in such decisions affecting the health, education and welfare of the children, which the court finds to be in the minor children's best interest."

Father's argument before this court ignores the findings in this paragraph, which the court added following Father's motion for an amended judgment. As already noted, there was sufficient evidence at trial to support these findings that cooperation and communication between Mother and Father had broken down to the point that

**300**

the children's best interests were not being served by the original custody arrangement.

■ The requirements of section 452.375.6 are not intended to be a linguistic or grammatical trap. The court's findings clearly indicate a belief that equal sharing of the responsibilities of legal and physical custody will be in the children's best interests.[9] Rule 84.13(b) provides: "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court materially affecting the merits of the action." The judgment here permits us to engage in meaningful review. The findings made support the judgment entered, and any deficiencies therein are not material to the merits of this action.

■ Father's final allegation of error is not preserved for appeal. Rule 78.07(c) requires that "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 55.26(a) further requires that such a motion "shall state with particularity the grounds therefore, and shall set forth the relief or order sought." While Father did file a motion to amend the judgment in this case, that motion only asserted error in the failure to make the requisite findings with regard to the modification of custody and did not in any way address the trial court's findings regarding Mother's relocation. Because that motion failed to put the trial court on notice of the error alleged in Father's third point on appeal, that alleged error is not preserved for our review.

**9.** Ironically Father asks on appeal that we reverse the joint physical custody award and return the parties to their pre-modification

**Conclusion**

The judgment is affirmed.

PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge, concur.

parenting time division. That division is exactly the same but just carries a different description.